STEPHEN W. LEIGHTON *vs.* JOSEPH A. HARWOOD & another.

One from whose possession the assignee of a bankrupt has taken goods, claiming them *bona fide* as part of the bankrupt estate, may forthwith replevy them from the assignee on a writ issuing from the state court, notwithstanding that the bankrupt act (U. S. St. 1867, *c.* 176, § 14) provides that no one shall maintain an action against an assignee for anything done by him as such assignee without giving him twenty days' notice.

REPLEVIN of four sewing machines. The answer alleged that the machines were not the property of the plaintiff; that the defendants were assignees in bankruptcy of Cyrus G. Foss; that the machines were part of the bankrupt's estate; that, as such assignees, they took the machines, and were in possession of them when replevied; that if the machines were conveyed by Foss to the plaintiff, such conveyance was in fraud of the bankrupt act; that the plaintiff did not give the defendant twenty days' notice of the action; and that he could not maintain this action, as the defendants were in possession of the property as officers of the United States District Court.

At the trial in the Superior Court, before *Wilkinson*, J., it was admitted that a petition in bankruptcy was filed against Foss on November 10, 1870; that he was adjudged a bankrupt thereon on December 21, 1870; that the defendants were duly appointed his assignees on January 9, 1871; that the assignment to them was dated and duly executed January 20, 1871; that they were such assignees at the time the property was replevied; and that no notice whatever was given them of this action before it was brought.

The plaintiff testified that he bought the machines of Foss on October 1, 1870, and paid him for them in cash ; that they were duly delivered to him ; that at the time of the delivery they were in a shop which had been used by Foss as a stitching shop ; that Foss had hired the shop until November 1, 1870, and it was agreed that the machines should remain there and be used by the plaintiff or his wife in doing work for Foss until the tenancy expired; that on November 1 the plaintiff hired the shop and kept the machines there, where they were used by his wife, upon work furnished by Foss and paid for by him, until January 23, 1871, when the defendants came, took possession of them and removed them.

This writ was sued out on January 23, 1871, and was served on January 30. It appeared that at the time of the taking by the defendants, a few small articles belonging to Foss were in the same room, having never been removed by him.

It was admitted that the plaintiff gave the defendants no notice of his title, until they came and took possession, when he informed them of the conveyance to him, and forbade the removal of the machines ; and it was also admitted that when the defendants took possession of the machines, they did it claiming to have title as assignees of Foss.

The defendants asked the judge to rule that the plaintiff could not maintain this action : 1st. Because the court had no jurisdiction ; and 2d. Because no notice was given as required by the bankrupt act ; but the judge declined so to rule. The defendants then asked the judge to rule " that if the defendants, as assignees of Foss, took possession of the machines, *bona fide* believing them to be part of the assets of Foss in bankruptcy, and under such circumstances that they might reasonably infer the same to be so, the plaintiff could not maintain this action ; " but the judge declined so to rule, and instructed the jury that if they found the machines to be lawfully the property of the plaintiff at the time of the replevin and when taken possession of by the defendants, they might return a verdict for the plaintiff.

The jury returned a verdict for the plaintiff, for nominal damages ; and the defendants alleged exceptions.

Leighton *v.* Harwood.

*G. W. Morse*, for the defendants. 1. The action cannot be maintained, because no notice was given to the assignees.

2. The U. S. St. of 1867, *c.* 176, § 14, protects an assignee for what he does *bona fide* in pursuance of the statute. *Hughes* v. *Buckland*, 15 M. & W. 346. *Beechey* v. *Sides*, 9 B. & C. 806. *Rudd* v. *Scott*, 2 Scott N. R. 631. *Daniel* v. *Wilson*, 5 T. R. 1. *Horn* v. *Thornborough*, 3 Exch. 846. *Bird* v. *Gunston*, 2 Chit. 459. *Prestidge* v. *Woodman*, 1 B. & C. 12.

3. The state court has no jurisdiction of the action. The assignment relates back to the time of filing the petition, and " the assignee shall demand and receive, from any and all persons holding the same, all the estate assigned, or intended to be assigned under the provisions of " the bankrupt act. U. S. St. 1867, *c.* 176, §§ 14, 15. An assignee is an officer of the bankrupt court; one court cannot take property from the custody of an officer of another court. *In re Vogel*, 2 Bankr. Reg. 138 ; *S. C.* 3 Bankr. Reg. 49. *Livermore* v. *Ordway*, United States District Court for Massachusetts, February, 1871. *Freeman* v. *Howe*, 24 How. 450. *Peck* v. *Jenness*, 7 How. 612, 624. *Williams* v. *Benedict*, 8 How. 107, 112. *Wiswall* v. *Sampson*, 14 How. 52, 66. *Peale* v. *Phipps*, Ib. 368, 374. *Taylor* v. *Carryl*, 20 How. 583, 594–597. *Buck* v. *Colbath*, 3 Wall. 334. *Taylor* v. *The Royal Saxon*, 1 Wall. Jr. 311. *Cropper* v. *Coburn*, 2 Curt. C. C. 465. *The Oliver Jordan*, Ib. 414. *Foster* v. *The Richard Busteed*, 100 Mass. 409, 411. *Clifton* v. *Foster*, 103 Mass. 233.

*S. B. Ives, Jr., & S. Lincoln, Jr.*, for the plaintiff.

CHAPMAN, C. J. This is an action of replevin for four sewing machines. The defendants took them January 23, 1871, and the jury have found that they were then the property of the plaintiff. It appears from the bill of exceptions that the plaintiff purchased them of Cyrus G. Foss on October 1, 1870, and paid him for them in cash. They were delivered to him in a stitching shop of which Foss had a lease expiring November 1, 1870 ; and it was agreed that they should remain there and be used by the plaintiff or his wife in doing work for Foss till his tenancy expired. On November 1 the plaintiff hired the shop and kept the machines there, where they were used by his wife upon work furnished by

Foss and paid for by him, till January 23, 1871, when the defendants came and took them away. This writ was sued out the same day, and served a few days afterwards. The machines were taken from the shop and possession of the plaintiff, and Foss had no possession of the shop, and only a few small articles of property in it, which he had left there.

A petition in bankruptcy had been filed against Foss November 10, 1870; he had been declared a bankrupt December 21, 1870; and the defendants had been appointed his assignees in bankruptcy. It is to be taken for granted that they had an assignment of his property in the usual form, and it does not appear that they had any other authority or precept. They contend that the 14th section of the bankrupt act (U. S. St. 1867, c. 176) applies to them and protects them against liability to this action. This section provides that "no person shall be entitled to maintain an action against an assignee in bankruptcy for anything done by him as such assignee, without previously giving him twenty days' notice of such action, specifying the cause thereof, to the end that such assignee may have an opportunity of tendering amends, should he see fit to do so." They say that they took these machines as assignees of Foss, and that this section applies to this case.

But this is too broad an interpretation of the section. The assignment is not a precept issued by the court, but a conveyance of the bankrupt's property, giving the assignees the mere rights of ownership, but no authority or color of authority to take the property of strangers. If it were otherwise, their power to take such property would be limited only by their own discretion; and the assignment might be made an instrument of gross oppression. It would be so in this case; for the defendants might dispose of the property before the lapse of the twenty days, and then tender amends. The plaintiff would thus be deprived of his right to an action of replevin to recover the specific property.

The case of *Edge* v. *Parker*, 8 B. & C. 697, is an authority on this point. It was trespass for breaking and entering the plaintiff's premises and seizing his goods. The defendant was assignee of Timothy Edge, a bankrupt, and the goods belonged to the

bankrupt, as the jury found. The action was not brought within three months, and the defendant contended that he was protected by the St. of 6 Geo. IV. *c.* 16, § 44, which provides "that every action brought against any person for anything done in pursuance of this act shall be commenced within three calendar months next after the fact committed." This raised the question whether the assignee of a bankrupt, who committed a trespass upon the property of another, could be regarded as acting in pursuance of the statute. The court held that the expression "in pursuance of" was applicable only where the party could be considered as founding his act upon the power given him by the Legislature; that the act did not give the assignee power to seize the goods of the bankrupt, but vested the property in him and clothed him with all the rights resulting from the ownership of the property. The plaintiff's right of action was therefore held to be unaffected by the statute, and the action was maintained.

So in this case the defendants took as assignees only the rights resulting from the ownership of the bankrupt's property; and their taking the plaintiff's property tortiously did not deprive him of his right to the present action.

We do not think there is any force in the suggestion of the defendants that the bankrupt act presumes that the assignees of bankrupts will be men of integrity and substance, and will not be inclined to do wrong. Obviously it did not intend to authorize them to encroach upon the rights of strangers to the proceedings, if they should be so inclined.

The case of *Freeman* v. *Howe*, 24 How. 450, is relied on by the defendants, as authority to the point that they are protected by the bankrupt act against this action. It was decided in that case that a United States marshal is not liable to an action of replevin brought in a state court to recover property that he holds by attachment upon a writ issued from the United States court. But his office is different from that of an assignee in bankruptcy, and his custody of attached property is of a different character from the custody of an assignee; and we do not think the doctrine of that case should be extended by analogy.

Nor is it material that the defendants honestly and reasonably believed that they were acting under the statute. The cases cited in which that belief has been held to be material are of a different class, where the exemption was directly provided for by acts of Parliament. But the bankrupt act does not purport to exempt any person from an action in the state courts for a tortious taking of property not in possession of the bankrupt and belonging to a stranger. *In re Noakes*, 1 Bankr. Reg. 164.

*Exceptions overruled.*