HEAD *v.* MOORE.

(*Nashville.* March 12, 1896.)

CHANCERY SALE. *Purchaser's right to credit for cash payment upon resale.*

A purchaser at Master's sale who makes the required cash payment, and, after the biddings are opened, leaves the money in the Master's hands, is not entitled to credit for the amount upon his purchase at the resale made by the Master's successor in office, when the fund has in the meantime been lost or tied up by the Master's death or insolvency.

---

FROM DAVIDSON.

---

Appeal from Chancery Court of Davidson County. THOS. H. MALONE, Ch.

CHAMPION, HEAD & BROWN for Head.

A. G. GOODLETT for Moore.

WILKES, J. In this cause, in the Chancery Court of Davidson County, certain real estate was sold by Whitworth, Clerk and Master and Commissioner, under order of the Court. Franklin became the purchaser at $2,505. He paid to Whitworth one-third of the amount bid, $835, and executed his two notes for the credit installments, thus complying

with the terms of sale.   Webb advanced the bid before confirmation, and the biddings were opened. In the meantime, Whitworth died, and the biddings having been opened, the land was resold by Weaver, the successor of Whitworth as Commissioner, for $3,800, and it was repurchased by Franklin, the original purchaser.   He paid in the cash payment to Weaver of one-third, less the $835 which he had previously paid in cash on the first sale to Whitworth, claiming credit for that amount upon his cash installment.   This fact was reported with the report of sale, and the report was excepted to, and the exception sustained, and the purchaser, Franklin, was required to pay in one-third of the $3,800 bid by him on the last sale, which he did under protest, and the sale was confirmed to him.   He appealed to this Court from so much of the Chancellor's decree as refused him credit upon his cash installment on the repurchase for the $835 paid to Whitworth, and required him to pay to Weaver the full one-third of his last bid of $3,800.

The Court of Chancery Appeals has heard the case, and affirmed the holding of the Chancellor, and Franklin, the purchaser, has appealed to this Court.

We think the Chancellor and Court of Chancery Appeals were correct, and there is no error in their holding.   When the advance bid of Webb was made and accepted, Franklin was entitled to have his original bid canceled, and the cash paid to Whitworth refunded, and his notes given up and canceled, and

he should have taken an order to that effect. While it is true the money was in *custodia legis* pending the confirmation of the first sale, still, after an advance bid was made and accepted, it was the money of Franklin, and he was entitled to have it repaid to him. If he chose to allow it to remain in the hands of the Commissioner, abiding the result of the advance bid and resale, it was at his risk, and if it was lost or tied up by the death of Whitworth and the insolvency of his estate, he must bear the loss, and look to that estate and Whitworth's sureties for reimbursement, and he cannot require the parties beneficially interested to accept this as part payment on the resale, or to look to Whitworth's estate or his bondsmen for payment.

As to the last sale, Franklin bid as any third person would have done, and must pay the cash payment as any other bidder, and he cannot require the parties interested in the proceeds of the sale to accept anything except cash upon the resale.

There is no error in the decrees of the Chancellor and Court of Chancery Appeals, and they are affirmed.