AMERICAN STEEL AND WIRE COMPANY *vs.* AUGUSTUS M. BEARSE & others.

Suffolk.     January 15, 16, 1907. — March 1, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Jurisdiction. Equity Jurisdiction. Receiver. Evidence,* Judicial notice.

In a suit in equity brought by a judgment creditor of a street railway company under R. L. c. 112, § 19, to enforce the liability of the directors of the company, to the extent of its capital stock, for its debts and contracts until the whole amount of its capital stock has been paid in and a certificate stating the amount fixed and paid in has been filed, where the railway company is insolvent, and the company itself and receivers of its property appointed by the Circuit Court of the United States are made defendants, and the receivers appear and file an answer submitting themselves to the jurisdiction of the court, the court of the Commonwealth in which the suit was brought has jurisdiction of it although it does not appear that the suit was authorized by the court which appointed the receivers, the corporation not being a necessary party to the suit, and the liability of the directors sought to be enforced being no property or right of the corporation to which the receivers would be entitled.

This court takes judicial notice of special acts of incorporation, which R. L. c. 175, § 72, requires shall be held to be public acts.

BILL IN EQUITY, filed in the Superior Court on June 5, 1905, and amended on March 26, 1906, under R. L. c. 112, §§ 18, 19, by the American Steel and Wire Company, a corporation organized under the laws of the State of New Jersey and having a usual place of business in Boston, for the benefit of itself and of any creditors of the Middleborough, Wareham and Buzzard's Bay Street Railway Company who might desire to join with it, against Augustus M. Bearse, Edwin F. Witham, Nathan Washburn, Charles S. Gleason and Benjamin F. Bourne as directors of said railway company, and the said railway company itself, and also against John T. Burnett and John L. Hall, receivers of the property of the said railway company, alleging that the plaintiff on November 17, 1903, obtained a judgment in the Superior Court for the county of Suffolk against the defendant railway company in the sum of $8,095.04 damages and $23.36 costs, which judgment has ever since remained unsatisfied; that the said judgment was rendered upon a debt due from the defendant railway com-

pany to the plaintiff for materials furnished by it and used in the equipment and operation of the defendant railway company's street railway ; that the defendant railway company at the date of said judgment and for some time thereafter owned and operated a street railway between the town of Middleborough and the town of Bourne ; that said railway company after due and proper notice failed and neglected to satisfy said judgment ; that the defendants Bearse, Witham, Washburn, Gleason and Bourne were at the date of the rendering of said judgment and for a long time before and since have been the directors of said street railway corporation ; that the amount of the capital stock of said railway company as fixed by its agreement of association was $75,000 ; that the whole amount of said capital stock as so originally fixed has never been paid in in cash as required by the provisions of R. L. c. 112, §§ 18, 19 ; that, although a certificate has been filed by the directors of said street railway company to the effect that the said capital stock as originally fixed has been paid in in full in cash, said certificate is untrue and not founded in fact ; that the defendant railway company at the date of the said judgment was and still is insolvent and that on March 1, 1904, the defendants Burnett and Hall were appointed by the Circuit Court of the United States receivers of the property of the defendant railway company ; praying that process might issue to attach property and funds belonging to the defendant directors, and for a decree requiring them jointly and severally to satisfy the plaintiff's judgment with interest, and for further relief.

The defendant receivers appeared generally and filed an answer submitting themselves to the jurisdiction of the court.

The defendant directors demurred to the bill, and as grounds of demurrer assigned the following :

1. That it appears by the bill that the whole property and assets of the Middleborough, Wareham and Buzzard's Bay Street Railway Company, including all its right, title and interest in and to the subject matter of the bill and including all claims to all or any of the relief therein sought, is within the jurisdiction of the United States Circuit Court for the District of Massachusetts, which court appointed the defendants Burnett and Hall receivers thereof ; and that such property, right, title and

interest remains in the custody and under the care, direction and supervision and subject to the jurisdiction of said Circuit Court to be administered and distributed by it; and that this court has not jurisdiction of this suit nor jurisdiction to grant any or all the relief thereby sought.

2. That it does not appear by the bill that the plaintiff has made any application to said Circuit Court for authority to institute any suit touching the subject matter of the bill or for any or all of the relief thereby sought.

3. That it does not appear by the bill that said Circuit Court has authorized the plaintiff or any other person to institute the bill or any suit or proceedings for or on account of the subject matter of the bill or for any or all the relief thereby sought.

4. That the plaintiff has not in and by its bill stated a case which entitles it to the relief thereby sought or to any relief in a court of equity; and that the bill does not set forth with the certainty required by law or with any certainty a case entitling it to the relief thereby sought or to any relief in a court of equity.

5. That the bill fails to state with the certainty required by law or with any certainty when and under what laws said street railway company was incorporated; when and at what date the alleged debt of the petition upon which judgment was rendered, as alleged in said petition, was contracted; how many persons, and who were the directors of said street railway company at the time said debt was contracted; how many persons, and who were such directors at the time the above entitled petition was brought; how many persons, and who were such directors at the time said certificate — that the capital stock of said street railway company had been paid in in cash — was filed; or what persons signed such certificate.

6. That the bill fails to state with the certainty required by law or with any certainty that said certificate of payment was signed by the defendant directors.

7. That the bill fails to state with the certainty required by law or with any certainty that these defendants were directors of said street railway company at the time said debt, upon which said judgment was rendered, was contracted.

8. That the bill fails to state with the certainty required by

law or with any certainty that these defendants were such directors at the time the bill was instituted.

9. That the bill does not state with the certainty required by law or with any certainty that said street railway company neglected for thirty days after judgment [and on demand] made on execution to pay the amount due on said judgment with the officers' fees, or to exhibit to the officers real or personal property belonging to it and subject to be taken on execution sufficient to satisfy the same, or that any execution has issued upon the judgment which the plaintiff alleges has been obtained, or that any demand has been made upon an execution issued on such judgment, or that any execution upon such judgment has been issued and returned to court.

10. That it appears from the allegations in the bill that a certificate, purporting to state the fixed amount of the capital stock of said street railway company and the payment thereof, has been signed and sworn to by the president, treasurer, clerk and a majority of the directors of said company and filed in the office of the secretary of the Commonwealth; and that consequently the petitioner is not entitled to relief against these defendants as therein prayed for.

11. That the bill fails to state with the certainty required by law or with any certainty when said certificate of payment was filed and by what officers and persons the same was signed and sworn to.

12. That the bill fails to state with the certainty required by law or with any certainty that the directors alleged to have signed said certificate of payment did so with knowledge that the statements therein contained were false.

13. That it appears by the bill that the plaintiff has a plain, adequate and complete remedy at law for the matters and things therein complained of.

In the Superior Court the case came on to be heard upon the bill and demurrer before *Fessenden*, J., who reported it for determination by this court. If the demurrer was sustained, the bill was to be dismissed; if the demurrer was overruled, the defendants were to answer.

*F. H. Nash*, for the plaintiff.

*B. B. Jones*, (*F. P. Cabot* with him,) for the defendants.

SHELDON, J.  It is objected by the directors of the street railway company that the bill cannot be maintained because receivers of the company have been appointed by the United States Circuit Court of this district, because the receivers are joined as defendants, and because it does not appear that this suit was authorized by that court.  The receivers themselves have not raised this objection, but by their answer have submitted themselves to the jurisdiction of the court.  It may be assumed, as claimed by these defendants, that the court which appoints a receiver of a corporation holds and administers the estate through the receiver as its officer, and must decide whether it will determine for itself all claims against the corporation or allow any of them to be litigated in other courts; and the control of that court over the assets of the corporation and its rights of action for any injury to or misappropriation of its property cannot be interfered with by process of any other court. *Porter* v. *Sabin*, 149 U. S. 473.  *Porter* v. *Kingman*, 126 Mass. 141. · But the corporation was not a necessary party to this bill; no relief is asked for against it; and the liability of its directors which it is sought to reach and enforce was never in any sense its property or a part of its assets. *Westinghouse Electric & Manuf. Co.* v. *Reed, ante,* 590.  Nor was the failure to obtain consent of the court which appointed the receivers necessarily fatal; it might be waived by the receivers. *Tobias* v. *Tobias,* 51 Ohio St. 519.  *Roxbury* v. *Central Vermont Railroad,* 60 Vt. 121.  *Hackley* v. *Draper,* 4 Th. & C. 614.  *Elkhart Car Works Co.* v. *Ellis,* 113 Ind. 215.  *Mulcahey* v. *Strauss,* 151 Ill. 70.  *Carter* v. *Rodewald,* 108 Ill. 351.  *Allen* v. *Central Railroad,* 42 Iowa, 683.  Here the receivers have waived the objection by submitting to the jurisdiction of the court, and the suit does not attempt to take any property or right of the corporation from the receivers, or to prevent them from reaching any such property.  The demurrer cannot be sustained upon this ground.

The corporation could not have owned and operated a street railway in this Commonwealth without having been organized under its laws.  As acts of incorporation are public acts, of which we must take judicial notice, R. L. c. 175, § 72, we know that it was not organized under a special charter before the

taking effect of St. 1864, c. 229, and it could not have been organized otherwise before that time. The liability sought to be enforced in this action was created by § 6 of that act, and has since remained in force. St. 1871, c. 381, § 7. Pub. Sts. c. 113, § 14. R. L. c. 112, § 19. St. 1906, c. 463, Part III. § 29.

All the other questions argued upon this demurrer have been considered and decided in *Westinghouse Electric & Manuf. Co.* v. *Reed, ante,* 590.

*Demurrer overruled.*