that he did so, that the passenger, accompanied by her little son, went to get off, and that, as she was in the act of stepping down from the running board, the car started with a jerk, and she fell, sufficiently showed that the jerk of the car caused the fall to sustain a recovery.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1314; Dec. Dig. § 318.*]

Appeal from Municipal Court of City of New York.

Action by Pauline Cohen against the Brooklyn Heights Railroad Company. From a judgment of the Municipal Court dismissing the complaint, plaintiff appeals. Reversed.

Argued before JENKS, GAYNOR, BURR, RICH, and MIL-LER, JJ.

Oswald N. Jacoby, for appellant.

Francis R. Stoddard, Jr., for respondent.

GAYNOR, J. The plaintiff was on one of the defendant's open cars with her little son. He told the conductor to stop at the crossing, and the conductor did so by the bell. They then went to get off, the mother leading. As she was in the act of stepping down from the running board the car started with a jerk and she fell to the street. This is their testimony. A motion for a non-suit was made on it on the ground that whereas the complaint alleges that the mother notified the conductor to stop at the crossing the evidence showed that the son did so, and granted, it being urged that the conductor might not have known she was getting off. The matter will not bear argument. A new point is now urged by the defendant, viz., that the plaintiff and her son did not testify in so many words that the jerk of the car forward threw her or made her fall, but only that she fell. This is too fine. Justice is not administered with such literalness. Everything was told in sequence, and it is fairly inferable that she fell from the movement of the car.

The judgment should be reversed.

Judgment of the Municipal Court reversed and new trial ordered, costs to abide the event. All concur.

---

,BUILDERS' MORTGAGE CO. v. BERKOWITZ et al.

(Supreme Court, Appellate Division, Second Department.  October 8, 1909.)

1. DEEDS (§ 43*)—CORRECTION DEED—EFFECT.
    A correction deed prevails over the deeds corrected in respect of the boundaries and the land conveyed.
    [Ed. Note.—For other cases, see Deeds, Cent. Dig. § 59; Dec. Dig. § 43.*]

2. MORTGAGES (§ 530*)—FORECLOSURE—RESALE.
    On motion to direct a resale of premises sold under foreclosure unless the purchaser complete the sale, and charging the deficiency to him, the court does not make a decision that the title is perfect or imperfect, all of the possible parties in interest not being before it, but only decides whether the title is marketable; that is, whether it is open to reasonable doubt which would suffice to reject it.
    [Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 530.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, Kings County.

Action by the Builders' Mortgage Company against Annie Wolf and others. From an order directing a resale of premises sold under foreclosure, and charging the mentioned defendant with any deficiency on the resale unless she completes her purchase, she appeals. Reversed and motion denied.

Argued before HIRSCHBERG, P. J., and JENKS, GAYNOR, RICH, and MILLER, JJ.

George E. Miner, for appellant.

W. C. Damron, for respondent.

GAYNOR, J. The two lots sold are part of a tract which was conveyed by Morris Bergrin to Benjamin Ullman, by the latter to Rachel Bergrin and by her to the defendant Davis Berkowitz, mortgagor. Afterwards these three successive grantees united in a new conveyance of the said tract to the said last grantee, it being stated therein:

"This deed being given to correct previous errors in former deeds made between all the parties herein."

The description in such correction deed begins at the southwest corner of Howard avenue and St. Johns Place, runs thence south along the west side of Howard avenue 82 feet 6½ inches to the northerly side of Eastern Parkway Extension, thence westerly along said north side of said Eastern Parkway Extension 88 feet, thence northerly "and parallel with Howard avenue" 130 feet 10 inches to the southerly side of St. Johns Place, thence easterly along the said southerly side of St. Johns Place 90 feet 5 inches to the starting corner. The only variations in this description from the description in the said previous chain are that the length of the second course is changed to 88 feet from 88 feet and ½ inch, and in the third course the words "parallel with" Howard avenue" are introduced. No other corrections are made of the said prior deeds. A correction deed prevails over the deeds corrected in respect of the boundaries and the land conveyed. Devlin on Deeds, vol. 2, § 850c.

If the third course be taken as parallel to Howard avenue, the length of the last course is about 2½ feet shorter than that given, while that of the third is a trifle shorter, an inch or so; about 130 feet 9 inches, instead of 130 feet 10 inches. In that way a strip of the rear of the lots described in the mortgage and judgment, and sold at the foreclosure sale, i. e., about 2½ feet on St. Johns Place and running down to about one-half of that at the other end, is cut off. In order to avoid this, the words parallel to Howard avenue must be disregarded, in which case the third course will lean off to the west, and come to St. Johns Place 90 feet and 5 inches from the corner of that street and Howard avenue, which is the distance by the description, instead of coming to it at a point about 88 feet from that corner, as is the case if the said third course has to be taken as parallel to Howard avenue.

On a motion like this the court does not make a decision that the title tendered is perfect or imperfect, all of the possible parties in interest not being before it. It only decides whether it be marketable, i. e., whether it be open to reasonable doubt, for that suffices to reject

it. Wanser v. De Nyse, 188 N. Y. 378, 80 N. E. 1088, 117 Am. St. Rep. 871. The rule that courses and distances give way to monuments is of no use to us, for there is no monument to help us out. But it does not seem that it can be said with any certainty that the third course was made to read parallel to Howard avenue in the correction deed by mistake, instead of to establish a uniform rear line for all of the lots fronting on Howard avenue; a line in the block parallel with the street lines, as is usual. There is nothing in the case to rebut the reasonable supposition that this was the object of the correction deed. Unless this was its object, there is no apparent reason why it was ever made. It seems reasonably certain that it was not made to drop one-half an inch in the length of the second course.

The order should be reversed.

Order reversed, with $10 costs and disbursements, and motion denied, with costs. All concur.