### BUILDERS' MORTGAGE CO. v. BERKOWITZ et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1910.)

MORTGAGES (§ 537*)—FORECLOSURE—REFEREE—DIVERSION OF PROCEEDS—FRAUD.
　　Where a mortgagee brought proceedings to foreclose, and procured the appointment of a referee by the court, and the purchaser, after paying a part of the price, was relieved from the sale because of defects in the title, pending which proceedings the referee embezzled the money so paid, the mortgagee, and not the purchaser, should bear the loss, and the amount so paid should be refunded to the purchaser from the proceeds of a resale.

　　[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1558; Dec. Dig. § 537.*]

Appeal from Special Term, Kings County.

Action by the Builders' Mortgage Company against Davis Berkowitz and others to foreclose a mortgage. From an order (67 Misc. Rep. 595, 123 N. Y. Supp. 355) granting a motion to discharge the referee and to appoint another, plaintiff appeals. Affirmed.

Argued before JENKS, BURR, THOMAS, RICH, and CARR, JJ.

Henry Escher, Jr., for appellant.
George E. Miner, for respondent Wolf.

THOMAS, J. The appellant in equity sought to foreclose a mortgage. The judgment directed sale, and application of the proceeds to the expenses of the action and the payment of plaintiff's mortgage, and appointed a referee to execute the judgment. The referee sold the premises to Wolf, who made the usual part payment of the purchase price; but the title deeds underlying the mortgage were so defective in description that, as this court considered (134 App. Div. 136, 118 N. Y. Supp. 804), title could not be given to the purchaser. Pending that decision, the referee converted the money, and the court, upon plaintiff's application, ordered a resale, and payment of the first purchaser's expenses and partial payment from the proceeds, which pro tanto lessens the amount applicable to plaintiff's bond and mortgage, and adds to the deficiency judgment. So the present question is, Should the plaintiff, or the first purchaser, bear the loss?

The plaintiff having the power of sale, and the right thereby to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

divest the legal title, and transmit it to another to obtain payment, asked the court to enable it to exercise its power by means of its procedure. At its instance the court acted, and appointed a referee to sell, and to receive the purchase money and pay the same to plaintiff in exchange for the title. It resulted that the plaintiff invited the court to do a vain thing, and that, not being able to transmit the title, it, by use of judicial proceedings, procured Wolf to purchase and make partial payment to the referee, and that, while insisting that Wolf should pay the balance and take an unmarketable title, the referee stole the advance payment. It is true that the plaintiff did not designate the particular person appointed to act as referee, but it did ask the court to appoint a person as referee to sell the property, accept the purchase money, and deliver a deed therefor, and to pay the money received to himself, and at least accepted the person appointed to do these things. So it appears that the plaintiff procured the purchaser to intrust her money to a referee whom the plaintiff did not and could not enable to convey the title. The plaintiff's assurance was that the purchaser should have the title upon payment of the purchase money, and it procured the designation of a person to receive the money for it. Wolf was not privy to the judicial proceedings, nor accountable therefor. She paid the money to the person whom the plaintiff designated as its agent, and plaintiff must, as between it and her, be deemed accountable for the money when it reached the hands of such person.

Assume that the title had been marketable, and that all the purchase price had been paid. At that instant the purchaser would be entitled to the deed, irrespective of what the referee should do with the money. The purchaser would become in equity the owner of an interest in the land corresponding to the payment duly made, and, if the plaintiff could not perform on its part, the purchaser would have a lien on the land for the money paid so far as the plaintiff's mortgage lien thereon enabled such interest to obtain. What the referee should do with the money could not affect the purchaser, who did, in making payment to him, what the plaintiff had caused to be done. It is quite foreign to the true relation of the parties to assert that the referee in any degree represents the purchaser, while it is the true conception that the referee does represent the plaintiff, having been chosen at its instance to exercise a power of sale vested in the plaintiff, and which the latter asked the court to cause to be executed through its instrumentality. The plaintiff, enabled by the statute directly to execute it, chose to do so through judicial interposition, and may not ascribe to the purchaser losses that the judicial process caused.

This decision is not placed upon the ground of negligence, for the conclusion would be the same, if the referee converted the money, whether or not the plaintiff was able and willing to give title. But it does not aid the plaintiff's equity that it was in the wrong in furnishing an opportunity for the larceny. The seller, unable to give title by reason of his own negligence in the conduct of an action, bears the loss thereby caused. Raynor v. Selmes, 52 N. Y. 579; Kohler v.

Kohler, 2 Edw. Ch. 69. If he cannot give title, he must reimburse the purchaser for expenses. That the deposit, if existing, must be returned, is conceded. These analogies aid the purchaser in the present matter, but the conclusion that the plaintiff must bear the loss rests upon the broader fundamental considerations above discussed. Head v. Moore, 96 Tenn. 358, 34 S. W. 518, does not aid the plaintiff, as the first purchaser was not only enabled fully to withdraw his deposit, but also it was his duty to do so, as the money belonged to him.

In Kenaday v. Waggaman, 3 App. Cas. D. C. 412, a person was appointed trustee of property, with power and authority to manage and make sale of the same under the supervision and control of the court, and, so authorized, did sell land, and the sale was ratified by the court. All this seems to have been done without the knowledge and against the known will and consent of the beneficiaries, upon whose motion the sale was vacated, and the trustee discharged, with the order that he pay into court the sum received by him upon the sale. The trustee kept back some portion of such money, and upon a further sale by a new trustee the first purchaser claimed a lien upon the proceeds for the amount lost to him by the failure of the earlier trustee to return the same to the court. In that case the question was whether innocent persons against whom the trustee had transgressed should bear the loss which he had occasioned by his withholding from the purchaser. It was not a question between the person who had brought about the sale and the purchaser. In the present instance the very person who was responsible for every step taken in the proceeding and who made the sale for himself, and not as a trustee for others, is asked directly to indemnify the purchaser against the loss which his proceeding has caused.

The order should be affirmed, with $10 costs and disbursements. All concur.