PHILIP SHAPIRO *vs.* CHARLES J. GOLDMAN, receiver.

CHARLES J. GOLDMAN, trustee, *vs.* PHILIP SHAPIRO.

Essex.   March 5, 1925. — June 1, 1925.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Sale,* By auction, Deposit. *Contract,* Implied. *Bankruptcy,* Receiver's sale. *Receiver. Jurisdiction. Pleading, Civil,* Plea. *Practice, Civil,* Parties.

If a sale, made at an auction conducted by a receiver in bankruptcy appointed by a United States district court, is subject to confirmation by the bankruptcy court, the purchaser cannot be required to complete his contract to buy until the sale has been so confirmed.

If, after the receiver has made such a sale and the purchaser has made a deposit, the receiver, without an order of the court for a resale, again puts up the property for sale and sells it to another buyer and the former sale is abandoned, the purchaser at the first sale has a right to waive such rights as he had gained thereat and to compel the repayment of the money he had deposited.

A receiver appointed in bankruptcy proceedings in a district court of the United States is liable personally for unlawful transactions outside of his authority and in such matters may be sued without the consent of the bankruptcy court; and this is true, even when the wrongful transactions were in his capacity as an officer of the court without personal interest on his part.

After the sale to another purchaser, in the circumstances above described, and the demand upon the receiver by the purchaser at the first sale for a return of his deposit, the receiver ceased to hold that deposit as a part of the assets of the bankrupt estate or as an official of the court, and held it thereafter in his individual capacity; and the depositor was entitled to enforce his right to repayment by an action in the State court, which might be brought without first procuring the consent of the court which appointed the defendant receiver.

An objection, raised by a receiver in a plea in abatement in an action against him, that the action was brought without the consent of the court appointing him, is waived by his filing an answer to the merits and going to trial, such matter not being jurisdictional.

The mere fact, that, in the writ and declaration in the action by the purchaser for his deposit above described, the defendant was named as a receiver, did not prevent the prosecuting of the action against him as an individual.

TWO ACTIONS OF CONTRACT, described in the opinion. Writs in the District Court of Southern Essex dated, respectively, December 28, 1920, and January 15, 1921.

In the writ in the first action, the defendant named was "Charles J. Goldman, as he is Receiver of the Y. & M. Grocery & Provision Co. in Bankruptcy." In the declaration the plaintiff alleged that the defendant "as receiver" owed him $600 "for money received by the defendant to the plaintiff's use."

On appeal to the Superior Court, the actions were heard together by *Quinn*, J., without a jury. Material findings of fact by the judge and exceptions by Goldman are described in the opinion. There was a finding for the plaintiff in the first action in the sum of $720.30, and for the defendant in the second action. Goldman alleged exceptions.

*F. E. Shaw*, for Goldman.

*C. F. Hathaway*, for Shapiro.

SANDERSON, J. The plaintiff Shapiro is seeking to recover $600 of Charles Goldman, receiver in bankruptcy of the estate of Y. & M. Grocery & Provision Company, Inc., in an action for money had and received. The money was paid as a deposit when property of the estate was sold to him by the receiver at public auction for $2,500. Later on the same day the same property was put up for sale by the receiver and again sold to Shapiro, this time for $4,050. The receiver again put the property up for sale the next day and it was sold at public auction for $4,250 to another bidder who, by agreement with the auctioneer, was given until the following day to pay the amount of the required deposit, and thereupon Shapiro, who had taken no part in the third sale, demanded the return of the $600 deposited. This demand was refused. The purchaser at the third sale failed to make any payment on the property and it was again advertised and finally sold for $2,600, which the parties agreed was as good a price as the auctioneer could get. The action of Goldman is brought as trustee of the same estate to recover of Shapiro as damages the difference between the price bid by him at the second sale and $2,600, the price for which the property finally was sold, together with expenses connected with the last sale, and he alleges that he has applied the $600 to the loss and expenses. When the action of Shapiro was begun, Goldman was still receiver;

but when the action of Goldman was brought, he had become trustee.

The questions raised relate to rulings made and refusals to rule as requested. It appears that the trial judge, upon the evidence, was not satisfied that the sale on which the actions proceed was ever confirmed by the referee in bankruptcy nor that Shapiro ever submitted to the jurisdiction of the bankruptcy court; and the judge ruled that Shapiro was released from any obligation under the sale and was entitled to a return of his deposit, and found for the plaintiff Shapiro in the sum of $720.30 in one case, and for the defendant Shapiro in the other. He also declined to give the rulings requested by Goldman.

The ruling that Shapiro was released from his obligations and entitled to a return of the deposit must be assumed to be a ruling upon the admitted facts and the findings made by the judge. It was not a ruling upon the whole evidence as in *Clarke* v. *Massachusetts Title Ins. Co.* 214 Mass. 31. Goldman contends that the judge should have ruled (1) that the State court had no jurisdiction because the $600 deposited was in the custody of the bankruptcy court which had exclusive jurisdiction; (2) that the receiver could not be sued in the State court because he was acting in the scope of his duties as receiver wholly in relation to a bankruptcy matter; (3) that neither the auctioneer nor the receiver could release a purchaser at an auction sale; (4) that a bidder to whom property has been sold cannot refuse to go on without consent of the bankruptcy court; and (5) that as matter of law Shapiro is not entitled to the return of his deposit and is liable to Goldman, trustee, for loss sustained in making the fourth and final sale of the property; and that the findings and rulings of the trial judge were wrong.

It was agreed that the sale for $2,500 to Shapiro on which $600 was deposited was made subject to confirmation by the bankruptcy court. The purchaser at such sale has a right to confirmation from the time when the property is struck off to him if the court finds no reason for disaffirming the sale. *Graffam* v. *Burgess*, 117 U. S. 180. G. L. c. 106, § 23 (2). Until the sale has been confirmed the person to

whom the property is struck off cannot be required by the court to complete his contract to buy. *Stout* v. *Philippi Manuf. & Mercantile Co.* 41 W. Va. 339. *Mason* v. *Wolkowich,* 150 Fed. Rep. 699. When the receiver put the property up for sale the third time, all purchasers at former sales were thereby released. *Price* v. *Price,* 1 L. J. Ch. (O. S.) 184. *Head* v. *Moore,* 96 Tenn. 358. The receiver had abandoned the second sale and cannot now set up its validity after he has sold the same property at auction to another buyer. *Cowper* v. *Weaver's Admr.* 119 Ky. 401. The sale to the third buyer was a binding contract between the parties subject to confirmation, notwithstanding the fact that time was given him to pay the required deposit. That buyer might have been sued for the deposit. *Thompson* v. *Kelly,* 101 Mass. 291, 299. Shapiro did all that was required of him in connection with the sales to him. By demanding the return of his deposit after the property was again sold, he was not refusing without right to go on with the sale. *Camden* v. *Mayhew,* 129 U. S. 73. *Stout* v. *Philippi Manuf. & Mercantile Co., supra. Campe* v. *Saucier,* 68 Miss. 278. Even in the case of an unjustifiable refusal on the part of the buyer to complete his contract he cannot be held liable in damages unless the resale is by order of court on the purchaser's account. *Camden* v. *Mayhew, supra.* In the case to be determined there was never a confirmation of the sale to Shapiro and no order of court that it be sold on his account when it was put up for sale the third time. Shapiro might have insisted on such rights as he had as a purchaser, but after the third sale he could waive those rights and recover his money.

The defendant Goldman is liable personally for transactions outside of his authority and in such matters may be sued without the consent of the bankruptcy court; and this is true even when the wrongful actions were in his capacity as an officer of the court without personal interest on his part. *Kline* v. *Burke Construction Co.* 260 U. S. 226. *In re Spitzer,* 12 Am. Bankr. R. 346. *Berman* v. *Smith,* 171 Fed. Rep. 735. *Hills* v. *Parker,* 111 Mass. 508. *American Steel & Wire Co.* v. *Bearse,* 194 Mass. 596. The bankruptcy

act of 1867 provided that no action should be maintained against an assignee for anything done by him as such without a twenty days' notice; but it was held in *Leighton* v. *Harwood,* 111 Mass. 67, that a person from whom property has been wrongfully taken by the assignee in the belief that it was a part of the estate of the bankrupt could bring replevin to recover the same in the State court. The bankruptcy act does not authorize a receiver or trustee to encroach on the rights of strangers. Nor does it purport to exempt such person from an action in the State courts for his wrongful acts. The receiver, having again sold the property at auction after it was bought by Shapiro, does not after demand hold the money deposited with him under the earlier sale as a part of the assets of the bankrupt estate, nor in any sense as an official of the court; but solely as trustee of the depositor. It is only the property which a receiver is appointed to hold that is *in custodia legis.* *Hills* v. *Parker,* *supra.* *Porter* v. *Kingman,* 126 Mass. 141. *Harrison* v. *J. J. Warren Co.* 183 Mass. 123. *Nelson* v. *Katzmann,* 243 Mass. 240. *Ninth School District of Manchester* v. *Rogers,* 250 Mass. 193. This money deposited by Shapiro is not the proceeds of any auction sale, and the receiver, holding it without right, is attempting to apply it on account of damages which he seeks to recover against Shapiro. He has a personal obligation independent of any duty as receiver to return the money to Shapiro.

In a case which may be within the jurisdiction of both a Federal and a State court, the general rule is that the court through whose processes jurisdiction first attaches may continue with the case. *Kline* v. *Burke Construction Co., supra.* *Ayers* v. *Farwell,* 196 Mass. 349. It cannot successfully be contended that a trustee or receiver who seeks to establish a claim for damages in a State court giving a credit to the defendant for his deposit of $600 can prevent such defendant from making a defence in that court or from seeking to establish, in another proceeding in the same court, the receiver's personal liability for wrongfully withholding the same money.

Moreover, the objection of the receiver to being sued with-

out the consent of the court appointing him, stated in his plea in abatement, was waived by his filing an answer to the merits and going to trial. *American Steel & Wire Co.* v. *Bearse, supra.* He cannot raise the questions which might be ground for abatement by presenting them to the court for the first time in the form of requests for rulings at the end of a trial on the merits, unless they go to the jurisdiction of the court. *Fisher* v. *Fraprie,* 125 Mass. 472. *O'Loughlin* v. *Bird,* 128 Mass. 600. *Chamberlayne* v. *Nazro,* 188 Mass. 454. *Daley* v. *Iselin,* 212 Penn. St. 279. 1 C. J. 271. By the weight of authority this matter of consent is not jurisdictional. High, Receivers, § 261.

When a receiver is personally liable for taking property not covered by the order of appointment, or for other acts in excess of his authority, this liability may be adjudged even though he is named in the action as receiver. *Gutsch* v. *McIlhargey,* 69 Mich. 377, 379.

No error is disclosed either in the refusal by the judge to give rulings requested or in the rulings made.

*Exceptions overruled.*