## In re HOFFMAN et al.

(District Court, E. D. Pennsylvania. January 5, 1927.)

No. 9990.

1. **Bankruptcy**  264—Action of referee approved in confirming sale and refusing to set aside sales of real estate on offer of higher bid without security.

Action of referee approved in confirming sales of real estate made at public auction by the trustee, on objection of strangers to the proceedings, who offered a bid 10 per cent. above the sales prices, but refused to give bond to make the bid good.

2. **Judicial Sales**  55—Public policy requires judicial sales be not disturbed, save for substantial cause.

Public policy requires stability in judicial sales, and they are not to be disturbed, except for substantial reasons.

In Bankruptcy. In the matter of Michael R. Hoffman and others, individually and trading as the Hoffman Leaf Tobacco Company,

bankrupts. On review of order of referee, confirming sale of real estate. Order affirmed.

David Bortin, of Philadelphia, Pa., for petitioner.

Charles G. Baker, B. J. Myers, and John M. Groff, all of Lancaster, Pa., for trustee.

John E. Malone and Paul A. Mueller, both of Lancaster, Pa., for purchasers.

THOMPSON, District Judge. The bankrupts were the owners of, inter alia, a large number of farms and other real estate located in Lancaster and York counties, Pa. In the course of administration, the referee ordered certain purparts of the real estate in those counties to be sold by the trustees in bankruptcy at public sale on certain specified dates and at certain specified places. After due public notice, sales were had in accordance with the referee's order, and parcels of real estate, which had been appraised at a total of $175,500, were sold for the total of $164,983.24, being 93.4 per cent. of their total appraised value. No parcel was sold for less than 75 per cent. of its appraised value.

[1] At a meeting held by the referee upon due notice, at which all but one of the purchasers were present or represented by their attorneys, Mr. Bortin appeared as attorney for Thomas E. Schadt and others unnamed, neither Schadt nor those unnamed having any interest as creditors or otherwise in the bankrupt estate, and objected to the confirmation of the properties sold on account of inadequacy of price, and offered on behalf of his clients to pay the sum of $171,000 for the purparts which had been knocked down to the highest bidders at the public sale for the total sum above named, $164,083.24.

The referee thereupon adjourned the confirmation of the sales for one week, and ordered that Mr. Bortin's clients file a bond in the sum of $171,000, conditioned on their faithful compliance with their bid. Each purchaser was duly notified of the adjournment. At the adjourned meeting Mr. Bortin declined to file a bond in accordance with the order of the referee, unless the bid was accepted. Thereupon the referee confirmed the sale of the properties to each of the purchasers at the public sale.

The attorney for the bidders again objected to the confirmation of the sales, and made individual bids for each property covered by his former bid, excepting one property appraised at $2,000 and sold for $1,505, distributing his offer, so that upon each property there was an advance over its sale price, the total of the sale prices being $162,578.24, and the offer at private sale $176,818, an

advance of $14,239.76, or 8 per cent., over the sale price. This offer was accompanied by an offer to put up the sum of 10 per cent. of the bid in cash and to make settlement in accordance with the terms of the sale by April 1, 1927. Mr. Bortin's objection to the confirmation of the sale was overruled. Mr. Bortin, on behalf of his clients, thereupon presented a petition for review of the referee's order of confirmation of sale.

In the referee's very full and able opinion accompanying his certificate for review, we find the grounds for requiring a bond in the full amount of the bid stated as follows:

"(1) The purchasers at the public sales had given bonds in the full amount, and it was only fair that the advance bidders should be on an equal plane.

"(2) The amount involved was so large, and the result of an acceptance of new bids so involved and perilous to the estate, no bond in less than the total amount would adequately safeguard the interests of the estate.

"(3) A 10 per cent., or $17,100, payment was not sufficient, the former purchasers being released from their bonds, the trustees from their liability, and new bids accepted from purchasers, who might or might not then furnish the additional bond required, and who might or might not comply with their bid on April 1, 1927, when the remaining purchase money was to be paid. 'If a receiver in bankruptcy, after the sale of the property, again puts it up for sale, all purchasers at former sales are released.' Shapiro v. Goldman [253 Mass. 60, 148 N. E. 217] 6 Am. Bankr. Rep. (N. S.) 265."

The reasons thus stated by the learned referee demonstrate that the petitioners have not taken a strong position in support of their contention that the order of confirmation should be set aside. Moreover, no creditor, nor other party having an interest in the fund derived from the sales, or in the bankrupt estate, has objected to the purchase price as being inadequate. There was nothing irregular in any respect in the conduct of the public sale, and there is no showing of such inadequacy of price as to shock the conscience. The bidders at private sale, if the confirmation had been refused, were, through their refusal to file a bond, attempting to put themselves into a position of tactical advantage, if the order of confirmation were set aside upon their mere offer without security. The bidders at the public sale would have been released from their bids, without serious risk to Schadt et al., in case they should choose to fail to comply with their bid. Their attitude was entirely unreasonable, and it would have been unjust to the purchasers at public sale to deprive them of the rights they had acquired in good faith, and unjust to creditors to reject the bids of those who had made themselves responsible without anything more substantial than a possible lawsuit to compel Mr. Schadt (his associates were undisclosed) to make good his offer if, the sale having been set aside, he had failed or refused to put up the proper security. And such trifling with the results of public sales is contrary to the policy of the courts. [2] Public policy requires stability in judicial sales, to induce bidding at such sales and reliance upon them. The purpose of the law is that they should be final; they are not to be disturbed, except for substantial reasons. We think the reasonings of the learned referee are unassailable, and his conclusion correct.

The petition for review is therefore dismissed, and the order of the referee affirmed.