BAUM, Receiver, Etc, et v
OHIO STATE LIFE INSURANCE CO et

Ohio Appeals, 9th Dist, Summit Co

No 2268. Decided July 12, 1933

Burroughs & Burroughs, Akron, for plaintiffs in error.

Meade & Weygandt, Akron, for defendant in error, The Ohio State Life Insurance Co.

Rockwell, Grant, Thomas & Buckingham, Akron, for defendant in error, The Dime Savings Bank Co.

POLLOCK, J (7th Dist) sitting in place of WASHBURN, PJ.

## OPINION

By POLLOCK, J.

The question involved here, and the only question to be determined, is whether the plaintiff and the cross-petitioner Dime Savings Bank Co., could maintain the action and cross-petition without first having secured leave to do so from the Court of Common Pleas of Lake County. This involves a construction of §8623-85, GC. This section is a part of the provisions of the act providing for voluntary dissolution of corporations, and gives the Court of Common Pleas of the county in which the general office of the corporation is situated, the right, under certain circumstances and conditions, to appoint a receiver. That was done by the Court of Common Pleas of Lake County, and it also made the order of injunction provided by the section we have referred to. The section, so far as we need refer to it, provides as follows:

"The Court of Common Pleas of the county in which the principal office of such dissolved corporation is located, * * * may at any time and from time to time, order and adjudge in respect to the following matters: * * *

"2. Staying the prosecution of any suit, action or proceeding against such corporation or involving any of the property and requiring the parties thereto to present and prove their claims, demands, rights, interests or liens at the time and in the manner required of creditors or others. By leave of court an independent suit may be brought or maintained to enforce liens."

It will be noticed that the section provides that the court may stay the prosecution of any suit, action or proceeding against such corporation or involving any of its property. The claim of the plaintiff in error is that these actions involved the property of the corporation for which a receiver had been appointed.

In determining whether the contention of the plaintiff in error is correct or not, we must consider the purpose of this legislation. The purpose of the section is to prevent parties who may have claims or actions against the property of the corporation from interfering with the receiver in managing the property of the corporation and liquidating it for the benefit of the creditors and stockholders of the corporation, except upon leave of the court appointing the receiver.

The receiver in this case was ordered and required to take possession of the property of the corporation. The only property involved in this action that the receiver has any interest in is the note and mortgage, transferred by his corporation, prior to the appointment of the receiver, to the Dime Savings Bank Co. as collateral security for a debt owed by said corporation to said bank company. The receiver did not have this property in his possession, and had no right thereto unless he should pay the obligation of the corporation to the bank and retake possession of the note and mortgage. This he does not indicate that he has any intention of doing. The only other interest the receiver has is one against the Dime Savings Bank Co. for any surplus that may remain after the bank company has collected the note and mortgage, which the bank was proceeding to do by filing the answer and cross-petition. This is an intangible property right, not against the property involved in this action, but against the Dime Savings Bank Co.

"Where commercial paper has been pledged by the owner as security for an indebtedness, while the debt remains undischarged, the pledge belongs to the pledgee, the pledgor having simply the right to receive the surplus of the proceeds of collection after satisfying the pledgee's claim."

Warner v Fourth Nat. Bank et, 115 N. Y. 251 (1st paragraph of syllabus).

"While the debt remains undischarged the pledge belongs to the pledgee, and,

while held by him, the pledgor's title is subject to the pledgee's lien and right of possession; but the pledgor's residuary interest in the pledge constitutes a claim or demand upon the pledgee, which is property, and hence may become the subject of attachment."

Ibid., at page 256.

We fail to find that the property involved in this litigation is the property of the Guaranty Mortgage Co. But if the receiver does have, by reason of the pledge of this note and mortgage as collateral security, an interest in the property involved in this action, the question yet remains. Can the receiver prevent the foreclosure of this property by either the plaintiff or the cross-petitioner?

The Supreme Court of this state has determined the question that the failure to secure the consent of the court appointing a receiver, does not affect the jurisdiction of the court in which the suit is brought, to hear and determine the cause.

"A failure to obtain leave of court to sue a receiver, does not affect the jurisdiction of the court in which the suit is brought to hear and determine it. The requirement is for the protection of the receiver; and if waived by him, no advantage can be taken of the omission by anyone else."

**Tobias v Tobias, 51 Oh St 519.**

And in the opinion in that case, the court, on page 521, said:

"Moreover, the failure of a party to obtain leave of the court to sue a receiver appointed by it, does not affect the jurisdiction of the court in which the suit is brought, to hear and determine the matter."

There is a conflict in the adjudications in the several courts of this country as to whether or not the failure to secure leave of the court appointing a receiver is jurisdictional, but in the case above cited, that question is settled by the Supreme Court of this state in favor of the jurisdiction of the court in which the suit is brought. We will then look to the adjudications in other jurisdictions which hold that like statutory provisions do not affect the jurisdiction of the court in which suit is brought, to determine the effect that should be given to the statutory provision where the receiver is not in possession of the property and has not acquired the right to the possession.

The Supreme Court of Illinois said:

"The appointing court may protect its officer, either by punishing the party bringing the suit for contempt or by enjoining him from the prosecution of the suit. But the failure to obtain leave is no bar to the jurisdiction of the court in which the suit is brought. This is certainly true in all cases where there is no attempt to interfere with the actual possession of the property held by the receiver. * * * The question is one of contempt, and not of jurisdiction. 'The ordinary jurisdiction of other courts is in no manner taken away or affected by the appointment of a receiver'."

Mulcahey v Strauss, 37 NE 702, at p. 704.

The same question was before the Supreme Court of Massachusetts, in the case of American Steel & Wire Co. v Bearse, 80 NE 623, and the court there said:

"It may be assumed, as claimed by these defendants, that the court which appoints a receiver of a corporation holds and administers the estate through the receiver as its officer, and must decide whether it will determine for itself all claims against the corporation or allow any of them to be litigated in other courts * * *. But the corporation was not a necessary party to this bill; no relief is asked for against it; and the liability of its directors which it sought to reach and enforce was never in any sense its property or a part of its assets."

The note and mortgage had been assigned, transferred and delivered to the Dime Savings Bank Co., prior to the appointment of the receiver, and the receiver was not a necessary party to the action on the note and mortgage.

Other citations might be called to the attention of the parties, but we believe these are sufficient to show the trend of the decisions in the courts holding that the appointment of a receiver and the enjoining of interference with the property of the corporation, is not jurisdictional and does not deprive other courts of jurisdiction over actions rightfully brought in those courts, where the property is not in the possession of the receiver and is intangible and such that the receiver has no present right of possession thereof but only a contingent interest therein.

The judgment of the Court of Common Pleas is affirmed. Exceptions noted.

FUNK and STEVENS, JJ, concur in judgment.