Putnam, C. J.
In the first of these cases — Saba v. Gorfinkle, the facts are as follows:
One Riley sued one Hyder and by virtue of the writ in that action the defendant (a constable) attached and removed, as the property of Hyder, certain personal property which was claimed by the plaintiff. The plaintiff then brought this action of tort against the constable for conversion. Within four months of the above-mentioned attachment Hyder was adjudicated a bankrupt, and her receiver in bankruptcy (one Wassermah) brought a petition before the referee in which he named the plaintiff and the defendant as respondents and sought to enjoin the plaintiff from prosecuting the present action of conversion. The plaintiff filed a plea to the jurisdiction of the referee to entertain that petition. The referee overruled that plea and assumed jurisdiction to pass upon the title to the property. No. injunction was issued. The plaintiff filed a petition in the United States District Court to review this decision of the referee* and that petition is still pending.
*133 In this posture of affairs the action of tort for conversion appeared on a trial list of this court, and over objection of the plaintiff (who demanded a trial) the judge at the calling of the trial list ruled that the action should stand continued pending the outcome of the petition pending in the United States District Court. The question of the correctness of this ruling is reported to this division.
The facts in.the second case — Saba v. Riley, et al., are as follows:
The plaintiff in this case is the same person who is the plaintiff in the case of Saba v. Gorfinkle. The defendants are Louise C. Riley (who was the plaintiff in the case of Riley against Hyder) and her attorneys, Wasserman and Salter. It is an action for conversation of the same personal property as that involved in Saba v. Gorfinkle. The remaining facts are the same as those in the calse of Saba v. Gorfinkle. A similar order of continuance was made in this case as in Saba v. Gorfinkle, and the question of its correctness is reported to this division.
We construe the order of the judge to have been a ruling of law to the effect that the defendants in these cases were entitled to have the trial of them postponed until the fate of the plaintiff’s petition in the United States District Court should be determined. We are unable to see any legal basis for that ruling. What the plaintiff in the cases at bar is seeking is money damages from a constable and a woman and her lawyers for the alleged conversion of personal property. What the receiver (who is one of the defendants in the second of these cases) is seeking before the referee in bankruptcy is, presumably, the delivery of that property to him as receiver. It can make no possible difference to the receiver, qua receiver, whether the constable and the other defendants have to pay damages to the plaintiff or not. He can still go ahead and try the question *134 of title to the property before the referee and in the United States courts if he chooses. The first litigation (these two cases) was brought in this court, which had and has jurisdiction of the parties and of the causes of action, and' the plaintiff is entitled to continue with the trial of these eases irrespective of what the receiver may attempt to accomplish in a Federal tribunal. Ayers v. Farwell, 196 Mass. 349, Shapiro v. Goldman, 253 Mass. 60.
The orders continuing these cases to await the final disposition of the petition in the United States District Court are reversed.
So ordered.