[No. 14690.  Department One.  August 1, 1918.]

H. W. DeMUTH *et al., Appellants,* v. ENOCH FAW *et al., Respondents.*[1]

BANKRUPTCY — JURISDICTION — INSOLVENT CORPORATION — CLAIMS AGAINST STOCKHOLDERS. After appointment of a trustee in bankruptcy for an insolvent corporation, creditors making claim against stockholders on their unpaid stock subscriptions must wage their causes in the bankruptcy proceeding, the Federal courts being vested with exclusive jurisdiction, and the trustee being charged with the duty of reducing unpaid stock subscriptions, if necessary, for the benefit of creditors.

SAME—RIGHTS OF CREDITORS—CLAIMS. Creditors must file their claims with the trustee, and seek protection by appeal to the referee, rather than prosecute independent actions because of dissatisfaction with the trustee's acts.

COURTS—JURISDICTION—RELIEF. Where the state court had no jurisdiction of claims against a bankrupt, it must dismiss the cause without attempting to determine the merits which were exclusively within the jurisdiction of the Federal court.

Appeal from a judgment of the superior court for Franklin county, Truax, J., entered September 21, 1917, in favor of the defendants, on granting a nonsuit, after a trial to the court. Modified.

*Chas. W. Johnson,* for appellants.

*B. B. Horrigan* and *Gerard Ryzek,* for respondents.

[1]Reported in 174 Pac. 18.

Mitchell, J.—Appellants, plaintiffs below, sue respondents on alleged unpaid stock subscriptions to the capital stock of the Pasco Theatre Company, a corporation which was organized in 1914. After the capital stock was subscribed, the corporation proceeded in the erection of a theater building. Appellants furnished labor or material, or both, in the construction of the building. In January, 1915, the Pasco Theatre Company filed its petition in voluntary bankruptcy in the Federal court and was adjudged a bankrupt. A trustee was appointed and qualified and notice to creditors duly given, to the knowledge of appellants, who have not filed their claims in the bankruptcy proceeding nor appeared therein in any manner. The bankrupt has not been discharged. The trustee in bankruptcy is still acting. There has been some litigation by the trustee against respondents, or part of them, with reference to their liability as stockholders, now alleged by appellants to have been amicable and without good faith, which, however, we think is immaterial. Appellants put their claims in judgment in the superior court and have been unable to collect from the corporation. Respondents answer separately by denials, and affirmatively plead the pendency of another action, or some former judgment, involving the same subject-matter, or both. Appellants counter such affirmative matter by denials; and upon the issues thus made, a trial was had, and at the conclusion of appellants' proof, on motion of respondents, the court granted a nonsuit, favoring all the respondents, with prejudice as to all except Kerfoot. Plaintiffs appeal.

Appellants should and must wage their causes in the bankruptcy proceeding. The Federal courts are invested with original jurisdiction in bankruptcy matters, and this jurisdiction is exclusive of the state courts.

See Loveland on Bankruptcy (3d ed.), § 18, page 91; and cases cited.

As to the reach of the trustee, and that he represents creditors, there is no question that it is his duty to reduce unpaid stock subscriptions, if necessary, for the benefit of all the creditors.

In *Benner v. Scandinavian American Bank,* 73 Wash. 488, 131 Pac. 1149, Ann. Cas. 1914D 702, this court said:

"But the trustee [in bankruptcy] not only holds the legal title to the bankrupt's estate, *but he represents the creditors of the bankrupt also.* . . . The bankruptcy proceedings are in themselves in effect an attachment and sequestration of the property of the bankrupt for the benefit of his creditors, and the trustee thereof has plenary power to take all such steps as are necessary to subject the bankrupt's property to the satisfaction of his obligations."

Also, see 7 R. C. L., page 387, as follows:

"Unpaid subscriptions are assets which a corporation may assign like any other chose in action, and they will pass to the assignee under a general assignment for the benefit of creditors. Unpaid *subscriptions also pass by a decree in bankruptcy or insolvency of the corporation to the assignee or trustee who represents both corporation and creditors, and who is entitled to enforce the liability of the stockholders.*"

Appellants challenge the manner in which the trustee in bankruptcy has been discharging his duties, submitting that in partial support of this action in the state court; but the trustee is not here to be heard on such charges; and besides, appellants, by their pleadings and proof, show they have never sought the help of the trustee, having even refused to file their claims as by law required. A creditor may not stand aloof from the bankruptcy proceedings because dissatisfied with the trustee's administration, for there is ample provision in the bankruptcy act for his protection by appeal to

the referee, and, further on, to the judge of the court, if necessary. Loveland, Bankruptcy (3d ed.), § 32a, page 141.

The trial court was right in denying relief to appellants, but it went too far in attempting to pass on the merits of the affirmative defenses. As soon as it appeared to the court, as it did, that the corporation had already been adjudged a bankrupt and its affairs were being handled by a trustee under the directions of the Federal court, it should have simply dismissed the cause without attempting to determine the merits of a controversy exclusively within the jurisdiction of that court.

There are some incidental or minor grounds of error claimed by appellants which are not specifically noticed by us because they give way under our disposition of the principal question discussed.

The cause is remanded with directions to modify the judgment as herein indicated.

Respondents will recover their costs in this court.

Main, C. J., Fullerton, Parker, and Tolman, JJ., concur.