[No. 15848. Department Two. February 23, 1921.]

H. W. DeMuth et al., Appellants, v. J. W. Kleeb et al.,
Respondents.[1]

Judgment (204-1)—Conclusiveness—Persons Concluded — Trustee and Cestui Que Trust. A judgment of dismissal, with prejudice, of an action by a trustee in bankruptcy to recover unpaid stock subscriptions due the insolvent corporation, upon a settlement of the liability, is a bar to another action by creditors to recover on the same stock subscriptions.

Appeal from a judgment of the superior court for Franklin county, Truax, J., entered December 13, 1919, dismissing an action to collect unpaid stock subscriptions, after a trial to the court on the merits. Affirmed.

Chas. W. Johnson, for appellants.

Gerard Ryzek, for respondent Faw.

B. B. Horrigan, for respondent Kleeb.

Main, J.—The plaintiffs in intervention, being judgment creditors of a bankrupt corporation, brought this action for the purpose of recovering from the defendants, who are alleged to be stockholders of the corporation, upon their unpaid stock subscription. The defendants denied liability and plead that, in another action brought by the trustee in bankruptcy, their liability as stock subscribers was settled and adjusted, and the action in that proceeding was dismissed as to them with prejudice. The trial of the present action resulted in a judgment of dismissal, from which plaintiffs appeal.

The Pasco Theatre Company was a corporation organized and existing under the laws of the state of

[1] Reported in 195 Pac. 996.

Washington, and in the year 1915 becoming insolvent, filed petition in bankruptcy in the Federal court, and was adjudged a bankrupt. A trustee in bankruptcy was appointed, and in course of time he brought action in the superior court of Franklin county against the stockholders of the company for the purpose of recovering upon the unpaid stock subscription. The respondents, Kleeb and Faw, were parties to the action. They there denied liability as stockholders, claiming that they had neither subscribed nor accepted stock in the company. Before that action came to trial, a stipulation was entered into between them and the trustee in bankruptcy whereby the claim against them as stockholders was settled and adjusted. This stipulation was approved by the court, and on December 21, 1916, a judgment was entered dismissing the action against them with prejudice. The stock subscription upon which recovery was sought in that action is the same stock subscription upon which recovery is sought in the present action.

In *DeMuth v. Faw*, 103 Wash. 279, 174 Pac. 18, it was held—and the holding is but the expression of the general rule—that the trustee in bankruptcy represents the creditors and that subscriptions to the capital stock of a bankrupt corporation pass by a decree in bankruptcy as a part of the assets of the insolvent corporation to the trustee who is entitled to enforce the liability of the stockholders. If, as held in that case, the trustee in bankruptcy represents the creditors and the stock subscription passed to him as an asset of the estate, it is difficult to see how the present action could be maintained so long as a judgment of dismissal in the action brought by the trustee upon the same alleged stock liability remains in full force and effect. The judgment is not attacked for fraud, and so long as it is not vacated, is clearly a bar to another action.

The rule invoked by the appellants to the effect that a discharge in bankruptcy of the corporation does not work a discharge of the stockholders upon unpaid stock subscriptions can have no application here so long as the dismissal judgment in the action brought by the trustee in bankruptcy stands.

The judgment will be affirmed.

HOLCOMB, MOUNT, MITCHELL, and TOLMAN, JJ., concur.