ADDA P. UPSON, administratrix, *vs.* BOSTON AND MAINE RAILROAD.

Middlesex.    January 9, 10, 1912. — April 1, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DeCOURCY, JJ.

*Practice, Civil,* Amendment.    *Negligence,* Employer's liability, Causing death.

Under R. L. c. 173, §§ 48, 121, the writ and declaration, in an action by an administrator against the employer of the plaintiff's intestate for negligence causing the death of the intestate, may be allowed to be amended by substituting the widow of the employee as the plaintiff and alleging a cause of action under R. L. c. 106, § 73, for negligence causing the instantaneous death of the employee.

TORT by the administratrix of the estate of Louis M. Upson to recover for the death of the plaintiff's intestate alleged to have been caused by the negligence of the defendant when the intestate was in the employ of the defendant as an assistant station agent and telegraph operator at Pepperell on February 9, 1909. Writ dated March 19, 1909.

· In the Superior Court the case was tried before *King,* J. At the close of the plaintiff's evidence it was agreed that there was sufficient evidence to warrant a finding of liability under R. L. c. 106, § 73, and that there was not sufficient evidence to justify a finding for the plaintiff at common law. There was evidence that a notice under the employers' liability act was duly served by the plaintiff upon the defendant on March 15, 1909.

The plaintiff, who was the widow of her intestate, moved, at the close of her evidence, to amend her writ and declaration by striking out all parts alleging that she was the administratrix of the estate of her husband, so that she personally should be the plaintiff, and by adding a fifth count under R. L. c. 106, § 73, as the widow of Louis M. Upson, alleging that he was in the employ of the defendant and was instantly killed through the negligence of a person in the service of the defendant who was in charge of a signal, switch, locomotive or train upon the defendant's railroad.

The judge allowed the motion, subject to the defendant's exception, and found, subject to exceptions by both parties, that it was intended by the person drawing the writ and declaration at the time the action was brought to avail himself of the benefit of both the employers' liability act and of St. 1907, c. 392.

By agreement of the parties the judge ordered a verdict for the plaintiff in the sum of $2,000, and reported the case for determination by this court; with the stipulation that if the judge had authority to allow the amendment to the writ and declaration, judgment was to be entered for the plaintiff in the sum of $2,000; and that, if the judge did not have such authority, judgment was to be entered for the defendant.

*R. H. Sherman,* for the plaintiff.

*F. N. Wier,* for the defendant.

HAMMOND, J. This case is before us upon a report; and the question is whether the court had the authority to allow the

amendment substituting the widow as the plaintiff in the place of the administrator and adding the fifth count to the declaration.

The court had the authority, if the purpose of the amendment was to enable the plaintiff to "sustain the action for the cause for which it was intended to be brought." What was the cause of action for which the action was intended to be brought? In a broad sense it was the death of the intestate by reason of negligence for which the defendant was answerable in damages to the widow. If the negligence was at common law, then the remedy under St. 1907, c. 392, was by an action to be brought by the administrator, but for the benefit of the widow (*Vecchioni v. New York Central & Hudson River Railroad,* 191 Mass. 9); if under the employers' liability act, then the remedy was by an action to be brought in the name of the widow. R. L. c. 106, § 73. In either case the damages were to be assessed according to the degree of culpability, were to be paid by the defendant and received to the use of the plaintiff. The object of this action was to get this money for the widow from the defendant for the negligent killing of her husband. This object seems to have been pursued with confused ideas, but at the close of the evidence it was agreed that there was sufficient evidence to warrant a finding under the employers' liability act but not at common law. And under the circumstances the amendment was allowed.

Even if, as the defendant argues, the plaintiff's counsel was inclined to think that the remedy was under St. 1907, c. 392, still it is manifest that the purpose of the amendment was to maintain the action for the cause for which it was intended to be brought, namely, to enforce the liability of the defendant to pay money to the plaintiff for negligence in causing the death of her husband. And the substance of the various findings by the judge is to this effect. The judge therefore had the power to allow the amendment. R. L. c. 173, §§ 48, 121.

*Judgment on the verdict.*