## BOSTON & M. R. R. v. SULLIVAN.

(Circuit Court of Appeals, First Circuit. October 19, 1921. On Petition for Rehearing, December 19, 1921.)

No. 1498.

1. **Receivers ⬤⟶175—Employee's claim under federal Employers' Liability Act determinable on intervention in equity proceedings.**

   Where a railroad employee, injured before a receiver was appointed, after such appointment petitioned for leave to sue and did sue the receiver, and subsequently moved to amend his motion for leave to sue by substituting a petition to intervene, proceedings on intervening petition were in equity, though the claim be in tort and statutory, and the employee's claim under the federal Employers' Liability Act (Comp. St. §§ 8657–8665) could be adjudicated in such proceedings and in accordance with equity procedure, without a trial by jury, if the court so decided.

2. **Limitation of actions ⬤⟶127(5)—Amendment held not new case, barred by limitation under federal Employers' Liability Act.**

   Plaintiff railroad employee, being injured in September, 1915, while employed by a railroad for which a receiver was appointed in August, 1916, claiming under the federal Employers' Liability Act (Comp. St. §§ 8657–8665), petitioned for leave to sue and did sue the receiver in August, 1917, and in October, 1918, moved to amend his motion for leave to sue by substituting a petition to intervene, which was granted in March, 1919. *Held*, that the petition to intervene, filed as an amendment of the motion to sue the receiver, being based on the same claim as that set out in the motion, related back to the time of the filing of the motion and constituted the commencement of an action, not barred by the limitation of two years in section 6 of said act.

3. **Master and servant ⬤⟶111(1)—Placing gondola car in train with drop end unfastened held negligence.**

   A railroad company was negligent in placing in a train with other cars a so-called gondola car—which had ends arranged so as to drop on being unfastened—with its drop ends standing, but unfastened.

4. **Master and servant ⬤⟶217(20)—Risk of negligence in placing gondola car in train with drop ends unfastened held not assumed.**

   A trainman did not assume the risk of railroad company's negligence in placing in a train with other cars a so-called gondola car with drop ends standing, but unfastened.

Appeal from the District Court of the United States for the District of Massachusetts; James M. Morton, Judge.

Suit by George B. Sullivan against the Boston & Maine Railroad, by intervention in receivership proceedings. From a decree for plaintiff, the defendant appeals. Affirmed.

Albert W. Rockwood, of Boston, Mass. (Henry F. Hurlburt and Francis P. Garland, both of Boston, Mass., on the brief), for appellant.

Joseph P. Fagan, of Boston, Mass. (James E. Cotter and J. W. McAnarney, both of Boston, Mass., on the brief), for appellee.

Before BINGHAM and JOHNSON, Circuit Judges, and ALDRICH, District Judge.

⬤⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

JOHNSON, Circuit Judge. This is an appeal from a decree in equity of the District Court of Massachusetts. A brief statement of the facts necessary to an understanding of the case is as follows:

On September 10, 1915, the plaintiff was in the employ of the Boston & Maine Railroad as a trainman. He suffered a severe injury upon that date by the alleged negligence of the railroad in failing to properly secure the ends of what is called a "gondola car." This car had permanent sides, but the ends could be turned up or allowed to lie down. When turned up, the ends were usually secured by cleats or otherwise. On the night of the day in question, Sullivan had occasion to go over a train into which a gondola car, with its ends upright, but unfastened, had been set; and in attempting to pass from that car to a box car next to it, with a ladder upon it, he stepped upon the unfastened upright end of the gondola car, which gave way and he fell through a bridge to the street below, a distance of about 25 feet, suffering severe injuries.

August 29, 1916, a receiver was appointed for the Boston & Maine Railroad.

August 2, 1917, Sullivan filed a motion in the District Court, asking leave to sue the receiver in that court, which was allowed; and on August 7, 1917, he brought an action at law under the federal Employers' Liability Act (Comp. St. §§ 8657–8665) against the receiver.

On October 18, 1918, he filed a motion to amend this motion for leave to sue the receiver, by substituting for it a petition to intervene in the original equity suit under which the receiver had been appointed.

On March 11, 1919, the District Court made and entered a decree allowing the motion to amend, and permitting Sullivan to intervene in the receivership proceedings, "for the sole purpose of establishing and liquidating his alleged claim for personal injuries." From this decree James H. Hustis, the temporary receiver, appealed; but this ground of appeal is not relied on.

Sullivan continued to press his suit at law against the receiver, and on November 26, 1919, the case came to trial and, after the opening by plaintiff's counsel, the court, on motion of the defendant, the temporary receiver, directed the jury to return a verdict for the defendant, on the ground that an action at law upon a tort claim for personal injuries arising prior to the receivership could not be maintained against the receiver.

On November 19, 1919, the District Court entered an order in the receivership proceedings discharging the receivership of the Boston & Maine Railroad, and on the same day the Boston & Maine Railroad filed a stipulation whereby it accepted all the terms and conditions of the order discharging the receivership and agreed to be bound thereby. It was provided in said order that the Boston & Maine Railroad should assume in its own name the prosecution or defense of all suits then pending in which the said receiver, as such, was a party.

On March 20, 1920, the court allowed a motion to amend the intervening petition by substituting therefor a petition more fully setting forth the alleged claim. Thereupon the Boston & Maine Railroad, in accordance with the order of the court discharging the receiver and its

stipulations thereunder, appeared, without waiving the objections of the receiver, and defended against said intervening petition.

The railroad company, in support of its appeal, relies upon the following propositions:

"First. Sullivan's claim under the federal Employers' Liability Act cannot be maintained and established against either the Boston & Maine Railroad or the receiver in this equity proceeding.

"Second. Any recovery under the federal Employers' Liability Act in this proceeding is barred by the expiration of the period of limitation fixed by the act.

"Third. Upon all the evidence Sullivan is not entitled to recover."

There can be no doubt that, if Sullivan had received his injuries while the railroad was being operated by the receiver, he could have intervened in the original suit, even if his claim was one under the federal Employers' Liability Act. It is also well established that, where property is in the actual possession of a court, all persons entitled to participate in its ultimate distribution may be allowed to have their claims adjudicated under the jurisdiction acquired between the original parties. Rouse v. Letcher, 156 U. S. 47. 15 Sup. Ct. 266, 39 L. Ed. 341; Kohn v. McNulta, 147 U. S. 238, 240. 13 Sup. Ct. 298, 37 L. Ed. 150; Mercantile Trust Co. v. Pittsburg & W. Ry. Co., 115 Fed. 475, 53 C. C. A. 207; Kennedy v. I. C. & L. R. Co. (C. C.) 3 Fed. 97; Atkyn v. Wabash Ry. Co. (C. C.) 41 Fed. 193.

[1] It is clear from these cases that the proceedings instituted by an intervening petition are proceedings in equity and are to be conducted in accordance with equity rules and practice; that the court may, if it desires, submit questions arising under them to the determination of a jury or may determine them itself; and that, if submitted to a jury, its verdict is only advisory, whether the claim upon which the action is brought is of a legal or equitable nature. Nor does it make any difference that it is a statutory claim, for, if a purely tort claim can be adjudicated in supplemental proceedings by way of intervention, we see no reason why a claim under the federal Employers' Liability Act, upon a cause of action arising either before or after the appointment of a receiver, cannot also be adjudicated in like proceedings and in accordance with equity procedure without a trial by jury, if the court so decides.

Sullivan, within two years after his cause of action accrued, filed a motion for leave to sue the receiver in action at law and therein stated the same cause of action as that set out in his petition to intervene. By so doing he mistook his proper remedy; but, before the court directed a verdict for the defendant in his suit at law, in which he set out a cause of action under the federal Employers' Liability Act, he filed a motion to amend his original motion, by substituting for it a petition to intervene, which was allowed by the court.

The petition to intervene set up no new cause of action. While, technically, it was a suit against the Boston & Maine Railroad, it was in effect a suit against the receiver; and it became his duty to defend against it. High on Receivers (4th Ed.) § 254c. It did not expand or enlarge the claim which the petitioner made in his original motion and

upon which he asked to be allowed to sue the receiver in the District Court, and no additional or different facts were alleged in it. Looking at the substance rather than at the form, the motion to sue the receiver and the petition to intervene each sought the same result, viz.: The adjudication of a claim for personal injuries and its satisfaction from the property in the possession of the court. While in the motion it did not appear that the claim which he asserted was under the federal Employers' Liability Act, the action at law which was brought only a few days after the leave to sue the receiver had been granted, contained a declaration alleging facts which brought it under that act, and before trial the claim set out in the petition to intervene was amended so as to include like allegations. While there was no appeal from the allowance of this amendment by the court, it is now contended that such amendment did not relate back to the original motion of August 2, 1917; but, having been made after two years from the time the cause of action accrued, recovery under it is by the special statute of limitations contained in section 6 of the act, which provides that no action shall be maintained under this act unless commenced within two years from the day the cause of action accrued.

In Smith v. Atlantic Coast Line R. Co., 210 Fed. 761, 127 C. C. A. 311, it is held:

An amendment which "does not introduce a new cause of action, but only affects the defenses which may be made" is properly allowed. Thus, where "an employee against a railroad company to recover for a personal injury, commenced within two years after the injury occurred, alleged the facts and stated a cause of action of which the court had jurisdiction, an amendment made after the expiration of such two years, alleging that defendant was engaged in interstate commerce * * * so as to bring the case within the Employers' Liability Act, * * * does not introduce a new cause of action."

See also Mo., Kansas & Texas Ry. Co. v. Wulf, 226 U. S. 570, 33 Sup. Ct. 135, 57 L. Ed. 355, Ann. Cas. 1914B, 134, Seaboard Air Line Ry. v. Renn, 241 U. S. 290, 36 Sup. Ct. 567, 60 L. Ed. 1006, and Friederichsen v. Renard, Executor, 247 U. S. 207, at page 213, 38 Sup. Ct. 450, 452 (62 L. Ed. 1075), in which the court said:

"As we have seen, the 'amended petition' was not filed in a new case but was simply a step forward in progress toward settlement of the original controversy; the allegations of fact are precisely the same in substance, and almost the same in form, as they were in the original bill and therefore looking to substance and realities, they cannot be regarded as stating a new cause of action."

[2] Under the authority of these cases the petition to intervene in the original equity suit which was filed as an amendment of the motion to sue the receiver, and based upon the same claim as that set out in the motion, related back to the time of the filing of the motion and constituted the commencement of an action which was not barred by the special statute of limitations.

[3, 4] We are in full accord with the finding of the District Court that, in placing this gondola car in the train, with its drop end standing up, but unfastened, the railroad company was negligent, and that it was not one of the risks of employment assumed by Sullivan.

It might reasonably be expected that a trainman, in going over the train in the performance of his duty, would assume this upright end to be fastened, and that he could step upon it in attempting to reach the ladder of the box car next to the gondola car, and that, if he did so, he might be injured.

There was no evidence upon which it could be found that the situation created by placing this gondola car, with its drop end upright and unfastened, next to a box car in a train over which trainmen were required to pass in the performance of their duties, was one of the risks incidental to Sullivan's employment, so that he could be found to have assumed it.

The decree of the District Court is affirmed, with costs.

ALDRICH, District Judge, now deceased, concurred in this opinion.

On Petition for Rehearing.

JOHNSON, Circuit Judge. In the above case the appellant has filed a petition for rehearing, alleging that a ground of appeal duly raised by its assignments of error was not considered by the court, and that this appears from a statement in its opinion that the appellant did not rely upon the appeal which it had taken from an interlocutory decree of the District Court allowing an amendment.

The statement, without any qualification, may have been too broad, but it is apparent that the court in its opinion considered and decided that the amendment did not introduce a new cause of action, and that proceedings under it were not barred by the special statute of limitations under the federal Employers' Liability Act; thus in effect deciding that the amendment was properly allowed.

In its brief the appellant stated the propositions of law which it intended to raise by its assignments of error. These questions were considered and decided, and no useful purpose in the administration of justice would be served by granting a rehearing.

The petition is denied.