ABRAHAM LYON & another *vs.* CANADIAN PACIFIC RAILWAY COMPANY.

Worcester.    September 25, 1928. — October 9, 1928.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Carrier*, Of goods.  *Negligence*, Contractual limitation of liability.  *Contract*, Validity.  *Interstate Commerce.*

A provision of a "uniform bill of lading" for carriage in interstate commerce, in effect that an action against a carrier for damage to the shipment due to negligence in transit, where no claim in writing against such carrier has been filed, must be brought within two years and one day after delivery of the property, is reasonable, and bars an action against the second of three connecting carriers for damage through negligence to a shipment from Seattle in the State of Washington to Boston which was not begun until four years after delivery, although, within the period stated in the provision, an action was brought against the delivering carrier in which a judgment for the defendant had been entered after a rescript from this court which was issued over five years after delivery of the goods.

CONTRACT for damage to a carload of pickled herring shipped from Seattle in the State of Washington to Boston via the Northern Pacific Railroad, the Canadian Pacific Railroad and the Boston and Maine Railroad. Writ dated September 8, 1926.

While the writ was in contract only, the declaration contained two counts, one in contract and one in tort, alleged to be for the same cause of action; and the judge's report stated that the action was "in contract or tort."

The action was heard in the Superior Court by *Hammond*, J., without a jury. It appeared that the bill of lading which was the basis of the cause of action was a "uniform bill of lading," dated August 16, 1922, "Form 419. Revised March 15, 1922. Prescribed by the Inter-State Commerce Commission." Other facts are stated in the opinion. The judge found for the defendant and reported the action to this court for determination.

The case was submitted on briefs.

*G. R. Stobbs, H. H. Hartwell,* & *L. E. Stockwell,* for the plaintiffs.

*G. S. Selfridge,* for the defendant.

PIERCE, J.  This action of contract or tort is to recover for loss sustained by the plaintiffs as a result of damage to a certain shipment of herring from Seattle to Boston.  The writ is dated September 8, 1926.  At the trial in the Superior Court, held on February 2, 1928, the case was submitted to a judge without a jury upon the bill of lading and an agreed statement of facts.  The judge found for the defendant and reported the case to this court.

The plaintiffs brought suit against the Boston and Maine Railroad by a writ dated September, 1923, returnable to the Superior Court for Worcester County on October 1, 1923, setting forth that on August 16, 1922, there were shipped from Seattle, Washington, three hundred sixty-five half barrels of herring to Boston over a series of railroads; that said herring were delivered in Boston by the Boston and Maine Railroad; and that due to carelessness and negligence of the defendant, the herring were damaged in transit and were delivered in an imperfect and damaged condition. The judge ruled that the plaintiff could not recover and reported the case to this court.  On November 25, 1927, by rescript of this court, judgment was ordered for the defendant.

The facts set out in that case (*Lyon* v. *Boston* & *Maine Railroad,* 261 Mass. 251) in so far as they are in substance like the agreed facts in the present case need not be again recited.  In addition to such facts it appeared in the present trial, and it is agreed, that "On September 7th the plaintiffs notified the Boston and Maine Railroad that the three hundred sixty-five half barrels of pickled herring were received from the Boston and Maine Railroad in a damaged condition and totally unfit for food, and that the plaintiffs were going to claim damages"; that "On January 15, 1923, the plaintiffs filed their claim for damage to this shipment, with proper and supporting claim papers, with the Boston and Maine Railroad, claiming damages in the sum of $5,110, with interest at six per cent from August 31, 1922.  No claim of any kind was

filed by the plaintiffs, or by the shipper, for loss or injury to this shipment, with or against this defendant, the Canadian Pacific Railway Company"; that "On July 11, 1923, the plaintiffs received a letter from the Boston and Maine Railroad disallowing said claim, on the ground that there was no delay in the shipment and the carriers had properly carried out the instructions in the bill of lading to re-ice the car at all icing stations."

In its answer and at the trial the defendant relied upon § 2 (b) of the bill of lading which reads: "Claims for loss, damage, or injury to property must be made in writing to the originating or delivering carrier or carriers issuing this bill of lading within six months after delivery of the property (or, in case of export traffic, within nine months after delivery at port of export) or, in case of failure to make delivery, then within six months (or nine months in case of export traffic) after a reasonable time for delivery has elapsed; provided that if such loss, damage, or injury was due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, then no notice of claim nor filing of claim shall be required as a condition precedent to recovery. Suits for loss, damage, injury, or delay shall be instituted only within two years and one day after delivery of the property, or in case of failure to make delivery, then within two years and one day after a reasonable time for delivery has elapsed; Provided, That in case the claim on which suit is based was made in writing within six months, or nine months in case of export traffic (whether or not filing of such claim is required as a condition precedent to recovery), suit shall be instituted not later than two years and one day after notice in writing is given by the carrier to the claimant that the carrier has disallowed the claim or any part or parts thereof specified in the notice."

The plaintiffs state their position before this court as follows: "The goods in question were delivered to the plaintiffs on September 1, 1922, and suit was brought against the defendant on September 8, 1926, and the sole question of law presented by the facts and upon which the finding of the trial justice must stand or fall is whether under the circum-

stances of this particular case, the failure of the plaintiffs to institute suit within two years and one day from the date of the delivery of the goods is fatal to their cause of action. If it is, they are not entitled to recover.   If it is not, they are entitled to recover in the amount set forth in the agreed statement of facts, with interest."

The plaintiffs concede that the limitation contained in § 2 (b) of the bill of lading "enured to the benefit of the defendant as a connecting carrier." *Texas & Pacific Railway* v. *Leatherwood,* 250 U. S. 478, 481.   *Florida Cotton Oil Co.* v. *Clyde Steamship Co.* 235 Mass. 10, 13.   *Philadelphia Tapestry Mills* v. *New England Steamship Co.* 251 Mass. 270, 273.   They concede that the bill of lading, being for an interstate shipment issued after the Carmack Amendment of June 29, 1906, c. 3591, 34 Sts. at Large, 584, 595, "must be construed according to the rules approved by the Federal courts." ·*Louisiana & Western Railroad* v. *Gardiner,* 273 U. S. 280, 283.   They further concede "that the limitation of the time in which to bring suit which was a part of the bill of lading in this case is in accord with the Cummings Amendment" to the Carmack Amendment of March 4, 1915, c. 176, 38 Sts. at Large, 1196, 1197, which reads, "That it shall be unlawful for any such common carrier to provide by rule, contract, regulation, or otherwise a shorter period for giving notice of claims than ninety days and for the filing of claims for a shorter period than four months, and for the institution of suits than two years."

Notwithstanding these concessions, which, by the ·way, were as to indisputable points, the plaintiffs contend that the limitation of time is unreasonable when regard is had to the facts in this case.   It is to be observed that the action was not brought within two years and one day from the date when the plaintiffs received a letter from the Boston and Maine Railroad disallowing the claim made against that railroad corporation, and that "No claim of any kind was filed by the plaintiffs, or by the shipper, for loss or injury to this shipment, with or against this defendant, the Canadian Pacific Railway Company."   It is to be further observed that it was held in *Leigh Ellis & Co.* v. *Davis,* 260 U. S. 682,

that the limitation of two years provided in the transportation act of February 28, 1920, § 206(a), 41 Sts. at Large, 456, 461, was reasonable as matter of law, and that "the bringing of a previous suit, alleged in the declaration, does not save the case," citing to the last position *Riddlesbarger* v. *Hartford Ins. Co.* 7 Wall. 386.

It is plain there is nothing in the contention. The "Uniform Order Bill of Lading" in no wise restricts a plaintiff in his choice of remedies or in determining what carrier shall be first sued, where there are several carriers liable to respond in damages as upon the facts it shall be made to appear. Nor is there any provision in it that the running of limitation of time for suit shall be suspended in favor of a plaintiff against any one of several carriers while the plaintiff tries out the question of the liability of another. Upon the facts the plaintiffs here could have prosecuted an action, with some inconvenience and expense, against the initial carrier or against the defendant negligent carrier. He has had his day in court and cannot complain if he has misused and wasted it.

The rulings and findings of the trial judge were correct. In accordance with the terms of the report, "judgment is to be entered for the defendant."

*So ordered.*