LYNN SAND & STONE COMPANY *vs.* LUKE TARDIFF & another.

Essex.   December 9, 1936. — January 26, 1937.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & QUA, JJ.

*Corporation,* Identity.   *Practice, Civil,* Parties, Waiver.

A Massachusetts corporation was bound by a judgment in an action for a tort committed by a foreign corporation which was its predecessor, bore the same name and operated the same business through the same officers, and which had been dissolved, where, though the plaintiff had intended to bring his action against the tortfeasor, the Massachusetts corporation had been served with process and its property had been attached, and it had defended the action throughout without disclosing or relying on its nonidentity with the foreign corporation.

BILL IN EQUITY, filed in the Superior Court on January 19, 1935.

The suit was heard by *Williams*, J., and a final decree was entered dismissing the bill. The plaintiff appealed.

*R. L. Sisk*, for the plaintiff.

*J. W. Sullivan*, (*J. F. Doyle & F. J. Hamelin* with him,) for the defendants.

PIERCE, J.    This is a suit in equity, wherein a Massachusetts corporation seeks an injunction to restrain the defendants from seizing its personal property on an execution in favor of the defendant Luke Tardiff, based upon a judgment for personal injuries sustained by him on June 29, 1929, while in the employ of the Lynn Sand & Stone Company, a Connecticut corporation doing business in this Commonwealth.

The case was heard on documentary evidence and undisputed facts, and on the oral testimony of two witnesses. The evidence was ordered reported, and is before this court as an "Abridged Statement of Evidence." On the evidence, documentary and oral, the plaintiff and the defendant Luke Tardiff filed " suggestions for findings of fact."

At the suggestion of the plaintiff the judge found that " the defendant, Luke Tardiff, was employed by The Lynn Sand & Stone Company, a Connecticut corporation, organized under the laws of the State of Connecticut, and having a place of business in Swampscott, Essex County, Massachusetts, at the time of this accident, to wit, July 29, 1929 "; that " the plaintiff corporation was incorporated under the laws of the State of Massachusetts on September 26, 1930 "; that " the accident to the said Luke Tardiff occurred at Swampscott on June 29, 1929, and that suit was commenced because of said accident on January 16, 1931, and that no previous notice of claim was given by the plaintiff except by the commencement of his writ "; that " The Lynn Sand & Stone Company of Connecticut, filed its preliminary certificate of dissolution on November 14, 1930, and that in accordance with the statute of Connecticut, notice was published in the Hartford Times, limiting the time for presentation of claims to March 15, 1931 "; that " the final

certificate of dissolution was filed May 20, 1931 "; that " the provisions with reference to the dissolution of corporation[s] in Connecticut are found under General Laws of Connecticut, Revised Laws of 1930, Sections 3471 and 3472 "; that " Harry W. Kummel was appointed under the statute to receive claims "; that " Harry W. Kummel was clerk of the plaintiff corporation (a Massachusetts corporation) organized September 26, 1930 "; that " by the Revised Laws of 1930 of the State of Connecticut, section 3473 'All claims not presented within the time limited in accordance with the provisions of sections 3471 and 3472 shall be barred ' and any claim . . . so presented and disallowed by such trustee shall be barred unless the owner thereof shall commence an action to enforce the same within four months after such trustee has given his written notice of its disallowance "; that " the plaintiff (Massachusetts corporation) and the Connecticut corporation had exactly the same name "; that " the Connecticut corporation was dissolved at the instance and request of the administrator of James F. Cooke estate, resident of Connecticut, for the purpose of distributing and dividing his estate "; that " the Massachusetts corporation issued three thousand shares of its capital stock in payment for the shares of stock held by the stockholders of the Connecticut corporation "; that " Tardiff's claim arose out of an injury sustained by him on June 29, 1929, for which, on December 13, 1933, he recovered a verdict of $4,500 and said claim went to judgment on the seventeenth day of December, 1934 "; that " the defendant, Luke Tardiff, through his attorneys, has threatened to attach the personal property of the plaintiff, Lynn Sand & Stone Company (a Massachusetts corporation) under the claim that his judgment is against said plaintiff "; and that " the plaintiff corporation has deposited the sum of $5,000 in escrow, to be paid to the said Luke Tardiff in case it is finally determined that the said plaintiff is bound by said judgment."

At the suggestion of the defendant Luke Tardiff the judge found that "The contemplated and accomplished result of all the actions taken by the Connecticut corporation was to transfer all its property to the plaintiff Massachusetts

corporation, and to stockholders of the Connecticut corporation"; that "No notice of any proceedings incident to the dissolution of the Connecticut corporation was ever given to this defendant"; that "The statement filed by the Connecticut corporation officers in the dissolution proceedings in Connecticut that the corporation had 'no creditors' was untrue"; that "The plaintiff's officers had notice or knowledge that the plaintiff's property was attached in the action brought by the present defendant against Lynn Sand & Stone Company"; that "In the change of ownership of the corporate property from the Connecticut to the Massachusetts corporation no change of operations or interruption of business was involved and the same name continued to be used as theretofore by the plaintiff corporation"; that "There was no pleading filed and no issue raised by written or oral testimony or arguments concerning the identity of the defendant in any trials of the action of Tardiff *vs.* Lynn Sand & Stone Company"; that "The defence of the action of Tardiff *vs.* Lynn Sand & Stone Company was undertaken by and paid for with the moneys of the Massachusetts corporation. No question involving the identity of the defendant was ever brought to the attention of any court before whom the parties appeared in the action of Tardiff *vs.* Lynn Sand & Stone Company"; and that "No mention of or claim concerning the effect of the dissolution of the Connecticut corporation was ever raised in the action of Tardiff *vs.* Lynn Sand & Stone Company."

The judge found that no notice was given to the Connecticut corporation of any claim for damages on the part of Tardiff until the service of Tardiff's writ in January, 1931, but found that the Connecticut corporation, "through its officers, knew of the injury to Tardiff at the time such injury was received", and that "the intent of Mr. Hamelin, attorney for Tardiff, when he caused his writ to be served by Sheriff Wells, was to bring suit against and to attach the property of the corporation which he believed was the employer of Tardiff at the time of Tardiff's injury." The judge stated: "Mr. Hamelin was unaware that the corporation which in fact employed Tardiff was a Connecticut corpora-

tion, and he was further ignorant of the dissolution of that corporation and the organization of the new Massachusetts corporation. He therefore had no specific intent, so far as either corporation was concerned. He did have the general intent above stated, and I infer that he assumed the same legal entity which employed Tardiff in 1929 was carrying on the business in Swampscott at the time the writ was served in January, 1931."

The judge further found that the writ in the case of Tardiff *vs.* Lynn Sand & Stone Co. was dated January 16, 1931, and that it describes the defendant in this way: "Lynn Sand & Stone Co., a corporation duly established by law and having a usual place of business in Swampscott, Essex County"; that "The writ was served by the defendant Wells, a deputy sheriff, on January 17, 1931"; and that the return of the sheriff is as follows: "By virtue of this writ, I this day at ten minutes past nine o'clock, A.M. attached all the right, title and interest which the within named defendant, Lynn Sand & Stone Co., a corporation, has in and to any and all real estate within the Southern District of said County of Essex. And afterwards within three days I deposited an attested copy of this writ without the declaration, and so much of this my return thereon as relates to said attachment of real estate, in the registry of deeds for said district. And afterwards on the said 17th day of January, A.D., 1931, I summoned the within named defendant, Lynn Sand & Stone Co., a corporation, to appear and answer at court as within directed, by giving in hand to Harry W. Kummel, its Secretary and officer in charge of its business at time of said service, a true and attested copy of this writ, together with a summons to the same." The judge also found that "on January 17, 1931, the Connecticut corporation owned no real estate in Essex County, its real estate having previously been conveyed to the Massachusetts corporation," and that on that date "the Connecticut corporation had no usual place of business in Massachusetts and was not carrying on business in Massachusetts." He found and ruled that "the service of said writ made on January 17,

1931, was a service on the Massachusetts corporation, and that the Massachusetts corporation throughout the course of the subsequent litigation defended the action brought by Luke Tardiff," and he ordered a final decree to be entered "providing that the plaintiff's bill be dismissed and that the defendants be entitled to their costs." From this final decree the plaintiff appealed to this court.

The finding and ruling of the judge, above quoted, that the service of the writ on January 17, 1931, was a service on the Massachusetts corporation and was not a service on the Connecticut corporation which was dissolved by final certificate on May 20, 1931, was warranted by the evidence before the court. *Tardiff* v. *Lynn Sand & Stone Co.* 288 Mass. 472. On the "Abridged Statement of Evidence" there can be no doubt that Luke Tardiff, one of the defendants in this bill of complaint, intended to sue the company by which he had been employed when injured, or that his attorney intended to sue that company. The attorney was unaware that the corporation which in fact employed Tardiff was a Connecticut corporation and he was ignorant of the dissolution of that corporation and the organization of the new corporation, doing business at the same place in Swampscott, Massachusetts, under the same name as the old corporation, and with the same officers in charge of its business. The officers of the Massachusetts corporation, when the writ was served on its clerk, who was also clerk or secretary of the Connecticut corporation, knew that the property of the Massachusetts corporation was attached in the action of Luke Tardiff against The Lynn Sand & Stone Company. With this knowledge the Massachusetts corporation undertook and prosecuted the defence of the Tardiff action until the entry of final judgment in favor of Tardiff following the overruling by this court of its exceptions (see *Tardiff* v. *Lynn Sand & Stone Co.* 288 Mass. 472), without at any time questioning the identity of the Massachusetts and Connecticut corporations. In these circumstances the Massachusetts corporation should have denied its identity with the Connecticut corporation by appropriate pleading and by evidence, if the fact of its identity with the

Connecticut corporation ·was after such pleading asserted by Tardiff, the plaintiff in that action. Failing to plead its nonidentity with the Connecticut corporation ever or to bring the question of identity to the attention of the court, the defendant in the action at law — the plaintiff in this bill of complaint — is bound by the judgment in that action.

*Decree affirmed with costs.*