HORACE P. ROBINSON & another, trustees, *vs.* TRUSTEES
OF THE NEW YORK, NEW HAVEN AND HARTFORD
RAILROAD COMPANY.

Suffolk.   October 2, 3, 1944. — April 5, 1945.

Present: FIELD, C.J., LUMMUS, QUA, & RONAN, JJ.

*Practice, Civil,* Amendment; Parties; Exceptions: what is subject to
   exception. *Carrier,* Of goods. *Jurisdiction,* Federal question, Re-
   organization proceeding, Receiver. *Contract,* Limitation of time for
   suit. *Bankruptcy,* Reorganization. *Receiver.*

In an action, begun in the name of a nonexistent corporation for damage
   caused by a railroad corporation to goods in an interstate shipment
   under a bill of lading issued in accordance with the interstate com-
   merce act, the court had power, where the claim relied on remained
   the same, to allow an amendment to the writ substituting for the
   corporate name the names of individuals doing business under that
   corporate name as a trade name, although the amendment was not
   allowed until long after the expiration of a time limited in the bill of
   lading for the commencement of the action.
In an action for damage to goods shipped interstate by railroad under a
   bill of lading providing that such an action must be brought within
   two years and a day after disallowance by the railroad corporation
   of the claim for the damage, correspondence between representatives
   of the corporation and the plaintiff warranted a finding that the claim
   was not finally and definitely disallowed by the corporation until a
   date less than two years and a day before the action was begun and
   that therefore the action was not barred.
A cause of action for damage to goods in interstate shipment by railroad
   was complete upon the filing of a claim therefor in accordance with
   the requirement of a bill of lading issued under the interstate com-
   merce act; a disallowance of the claim by the carrier under a further
   provision in the bill of lading, that an action to enforce it must be
   brought within two years and a day after its disallowance, was not a
   condition precedent to the right to sue.
Failure to obtain permission of the reorganization court to sue did not
   deprive a State court of jurisdiction of an action at law, for damage
   to goods while being transported by a railroad corporation in inter-
   state commerce, brought against trustees of the railroad corporation
   appointed in reorganization proceedings begun under U.S.C. (1934
   ed.) Sup. IV, Title 11, § 205, after the cause of action arose, where
   it appeared that the action was for the purpose of ascertaining and fix-
   ing the amount of the claim by prosecuting the action to a judgment
   which would be presented to the reorganization court to be dealt with

as that court might deem appropriate, that the trustees voluntarily appeared and defended the action, that the plaintiff did not seek to establish any right or interest in any property of the railroad corporation, and that such an action had not been enjoined by the reorganization court.

The question, whether the evidence at the hearing of an action without a jury warranted a general finding made by the judge on oral testimony, cannot be raised by an exception to the finding.

CONTRACT. Writ in the Superior Court dated May 25, 1937.

The allowance of the amendment to the writ, described in the opinion, was by *Good*, J. The case was heard on the merits by *Spalding*, J., without a jury.

*A. W. Blackman,* (*R. B. Atwood* with him,) for the defendants.

*C. W. O'Brien,* for the plaintiffs.

RONAN, J. This is an action of contract or tort to recover damages for breakage and freezing alleged to have been sustained by thirteen carload shipments of string beans from Pompano, Florida, to Boston, in this Commonwealth, in January, February and March, 1934. The defendants are the trustees appointed by the District Court of the United States for the District of Connecticut upon a petition filed by the New York, New Haven and Hartford Railroad Company on October 23, 1935, under § 77 of the bankruptcy act, as amended by Act of August 27, 1935, c. 774, see U. S. C. (1934 ed.) Sup. IV, Title 11, § 205. Two of the present trustees were appointed on November 26, 1935. One of the three original trustees having ceased to act as such, a new trustee was appointed in April, 1937. The initial carrier issued a uniform straight bill of lading for each shipment in which the Hammon Development Company was named as shipper. The New York, New Haven and Hartford Railroad Company, hereinafter called the railroad, was the terminal carrier. Each bill of lading provided that the filing of a claim for loss, damage or delay within nine months after delivery was a condition precedent to recovery, and that suits should be instituted only within two years and one day from the day when notice in writing was given by the carrier that it had disallowed the whole

or any part of the claim.   These bills of lading were issued in accordance with the interstate commerce act, U. S. C. (1934 ed.) Title 49, § 20 (11).   This subsection in part provides that "any common carrier . . . delivering said property so received and transported shall be liable to the lawful holder of said receipt or bill of lading or to any party entitled to recover thereon . . . for the full actual loss, damage, or injury to such property."   The case was referred to an auditor and was then heard upon the reports of the auditor and other evidence before a judge, who made a finding for the plaintiffs.   The case is here upon the defendants' two bills of exceptions.

We consider the first bill of exceptions.

In the writ the "plaintiff" was described as the "Hammon Development Company, a corporation duly organized and existing according to law and having an usual place of business in Pompano, Florida."   It having appeared at the hearings upon the first reference to the auditor that there was no such corporation as that mentioned in the writ, the plaintiff, on June 6, 1941, was allowed to amend by striking out the words quoted and substituting therefor the words "Horace P. Robinson and Wallace A. Robinson, Trustees doing business under the name and style of Hammon Development Company."   The exception to the allowance of this amendment is the subject matter of the first bill of exceptions.   Upon a second reference to the auditor, he found that the Hammon Development Company was a trade name used by the plaintiffs Horace P. Robinson and Wallace A. Robinson, as trustees, in operating farmlands at Pompano, Florida, and in raising and shipping beans.

Our own statute, G. L. (Ter. Ed.) c. 231, § 51, authorizing the allowance of amendments, has been liberally construed, and the substitution of a new party plaintiff or a change in the capacity in which the original plaintiff brought the action has been frequently allowed.   *Lewis* v. *Austin,* 144 Mass. 383, 384.   *Drew* v. *Farnsworth,* 186 Mass. 365.   *Upson* v. *Boston & Maine Railroad,* 211 Mass. 446.   *Phipps* v. *Little,* 213 Mass. 414.   *Strout* v. *United Shoe Machinery Co.* 215 Mass. 116, 119.   *Richardson* v. *Bartlett,* 223 Mass.

450.   *Attorney General* v. *Henry*, 262 Mass. 127.   *Henri Peladeau, Lte.* v. *Fred Gillespie Lumber Co.* 285 Mass. 10. *Boudreau* v. *New England Transportation Co.* 315 Mass. 423.   There cannot, however, be any amendment to a proceeding that never had any vitality, as where an action is commenced in the name of a dead person or against one who has deceased.   *Brooks* v. *Boston & Northern Street Railway*, 211 Mass. 277.   *Bateman* v. *Wood*, 297 Mass. 483. *Chandler* v. *Dunlop*, 311 Mass. 1.   Although there was no corporation as described in the writ, the proceeding was not on that ground a nullity for the two plaintiffs from the beginning owned the claims that they were attempting to enforce under their trade name which, in the absence of fraud, they had the right to assume in transacting their business, *William Gilligan Co.* v. *Casey*, 205 Mass. 26; *Liddell* v. *Middlesex Motor Co.* 275 Mass. 346; *American Mutual Liability Ins. Co.* v. *Condon*, 280 Mass. 517; *Staples Coal Co.* v. *City Fuel Co.* 316 Mass. 503; and the amendment in the instant case did no more than furnish a more accurate description of those who always had owned the cause of action since it came into existence.   *Lewis* v. *Austin*, 144 Mass. 383.   *Drew* v. *Farnsworth*, 186 Mass. 365.   *Boudreau* v. *New England Transportation Co.* 315 Mass. 423.

The power of the Superior Court to allow the amendment cannot be determined solely by our own statute, G. L. (Ter. Ed.) c. 231, § 51, nor by our rules of practice, where, as here, we are dealing with the rights of parties created by bills of lading issued in interstate shipments in accordance with an act of Congress.   The construction of such bills of lading and the determination of the rights of the parties thereunder are Federal questions whose final decision rests with the Supreme Court of the United States. *Aradalou* v. *New York, New Haven & Hartford Railroad*, 225 Mass. 235.   *Metz Co.* v. *Boston & Maine Railroad*, 227 Mass. 307.   *Fiske Rubber Co.* v. *New York, New Haven & Hartford Railroad*, 240 Mass. 40.   *Lyon* v. *Canadian Pacific Railway*, 264 Mass. 596.   *Georgia, Florida & Alabama Railway* v. *Blish Milling Co.* 241 U. S. 190.   *Chesa-*

*peake & Ohio Railway* v. *Martin*, 283 U. S. 209. Substantive rights created by an act of Congress cannot be destroyed by some procedural step in accordance with the practice adopted in a State court. *Central Vermont Railway* v. *White*, 238 U. S. 507. *New Orleans & Northeastern Railroad* v. *Harris*, 247 U. S. 367. If the effect of the amendment under the decisions of the Supreme Court of the United States was to substitute a new and independent cause of action long after the time for bringing action as prescribed in the bills of lading had expired, then there was error in allowing the amendment. *Renaldi* v. *New York Central Railroad*, 256 Mass. 337. *Hughes* v. *Gaston*, 281 Mass. 292. *Union Pacific Railroad* v. *Wyler*, 158 U. S. 285. *Seaboard Air Line Railway* v. *Renn*, 241 U. S. 290. *Davis* v. *L. L. Cohen & Co. Inc.* 268 U. S. 638. *Mellon* v. *Weiss*, 270 U. S. 565. *Mellon* v. *Arkansas Land & Lumber Co.* 275 U. S. 460. The present amendment, it seems to us, went no farther than to substitute the legal names of the plaintiffs for their trade name. All the facts alleged as constituting the cause of action remained the same. The real parties in interest continued to prosecute the action. It was said by Holmes, J., in *New York Central & Hudson River Railroad* v. *Kinney*, 260 U. S. 340, 346, where a complaint in such form as to permit a recovery under either a State statute or the Federal employers' liability act was amended by alleging that the parties were engaged in interstate commerce, that "when a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist, and we are of opinion that a liberal rule should be applied." In *Missouri, Kansas & Texas Railway* v. *Wulf*, 226 U. S. 570, a mother who had brought suit in her own name under the Federal employers' liability act for the death of her son was allowed after the statute of limitations had run to substitute herself as administratrix of his estate, that being the only capacity in which she could maintain the action. She was the sole heir and, like the plaintiffs in the present case, was the only party

plaintiff in interest. The amendment in the case cited was held not to introduce a new cause of action and was·said, at page 576, to effect a change "in form rather than in substance." We think the amendment in the case at bar was not contrary to these Federal decisions and that there was no error in allowing it. See *Bixler* v. *Pennsylvania Railroad,* 201 Fed. 553; *Wilson* v. *Denver & Rio Grande Railroad,* 68 Colo. 105; *Lanis* v. *Illinois Central Railroad,* 140 La. 1, affirmed sub nomine *Illinois Central Railroad* v. *Lanis,* 246 U. S. 652. *Mumma* v. *Philadelphia & Reading Railway,* 275 Penn. St. 277. *Nashville, Chattanooga & St. Louis Railroad* v. *Anderson,* 134 Tenn. 666.

We now pass to the second bill of exceptions.

The defendants contend that the action was not brought within two years and a day after the claims were declined in writing. Doubtless, no action could be maintained after the period which was fixed by the bills of lading and was authorized by the interstate commerce act, U. S. C. (1934 ed.) Title 49, § 20 (11). *Metz Co.* v. *Boston & Maine Railroad,* 227 Mass. 307. *Lyon* v. *Canadian Pacific Railway,* 264 Mass. 596. *Leigh Ellis & Co.* v. *Davis,* 260 U. S. 682. *Mellon* v. *Weiss,* 270 U. S. 565. The defendants contend that the claims were disallowed in a letter dated March 1, · 1935, to the consignee. But that letter stated that it was expected that the railroad would "be able to advise you definitely as to whether we have obtained any information which would enable us to set aside our former declinations" and that ". . . [we] trust that you will bear with us for a short time further and will then advise you in response to your request for further consideration of the claims." That did not constitute a final declination of the claims. *United States* v. *Memphis Cotton Oil Co.* 288 U. S. 62. The railroad did not take a definite position but left the door open for further consideration of the claims. Moreover, the letter of March 1, 1935, was followed by other correspondence relative to the claims which continued until November 2, 1936. On May 27, 1935, the claim agent of the railroad notified the consignee that, in accordance with their agreement "to investigate the subject further if pos-

sible in view of our declination of the claims," an investigation had been made and the claims were declined. There was other correspondence which need not be narrated, all of ·which was attached to the reports of the auditor, who properly found that suit, which was commenced on May 25, 1937, was brought within two years and a day from the disallowance of the claims.

The plaintiffs did not secure permission to bring this action from the court that appointed the defendant trustees. We assume that a plaintiff suing trustees appointed in reorganization proceedings under § 77 of the bankruptcy act is under the same restrictions, in so far as leave to sue is concerned, that he would be under if he were suing receivers. *Vass* v. *Conron Bros. Co.* 59 Fed. (2d) 969. *Stephens* v. *Walker*, 217 Ala. 466. *McGreavey* v. *Straw*, 90 N. H. 130.

The plaintiffs contend that their cause of action was not complete until declination of their claims at a time when the railroad was being operated by the trustees, and that leave to sue was not necessary because by § 66 of the Judicial Code, U. S. C. (1934 ed.) Title 28, § 125, a receiver or manager of any property appointed by a Federal court may be sued with respect to any act or transaction of his in carrying on the business connected with such property without the previous leave of the court that appointed him. *McNulta* v. *Lochridge*, 141 U. S. 327. *Texas & Pacific Railway* v. *Cox*, 145 U. S. 593. This section applies to a trustee in bankruptcy, and he is amenable as trustee to suit in a State court for negligence of his agents and servants in conducting the business. *Erb* v. *Morasch*, 177 U. S. 584. *American Brake Shoe & Foundry Co.* v. *Interborough Rapid Transit Co.* 76 Fed. (2d) 1002, certiorari denied sub nomine *New York City* v. *Murray*, 295 U. S. 760. *Barber* v. *Powell*, 135 Fed. (2d) 728, certiorari denied 320 U. S. 752. *Wall* v. *Platt*, 169 Mass. 398. *Baldwin* v. *Neal*, 190 Ark. 673. *Denver & Rio Grande Railroad* v. *Gunning*, 33 Colo. 280. *Cline* v. *Powell*, 141 Fla. 119. *Smith* v. *Folsom*, 190 Ga. 460. *Rice* v. *Kelly*, 226 Ky. 347. *Snow* v. *Thompson*, 178 S. W. (2d) 796. *McGreavey* v.

*Straw*, 90 N. H. 130.  But no act of the trustees formed any essential part of the plaintiffs' cause of action.  Their cause of action was completed by filing their claims with the railroad in accordance with the interstate commerce act, U. S. C. (1934 ed.) Title 49, § 20 (11), and this was done months before the filing of the petition for reorganization.  The plaintiffs upon the filing of their claims had performed every condition precedent to bringing an action against the railroad.  The limitation that this action must be brought within two years and one day after the claims were disallowed by the railroad was not a part of the cause of action but was merely a restriction upon the remedy for the enforcement of a right that had already accrued.  In other words, the rejection of the claims was not a condition precedent to the right to sue.  The rejection had no other effect than to start the running of the period within which an action must be commenced.  *Regan* v. *Atlantic Refining Co.* 312 Mass. 302.  *Boston Five Cents Savings Bank* v. *Assessors of Boston*, 317 Mass. 694.  The time within which to sue concerned only the remedy to enforce the claims and not the right or cause of action, as in *McRae* v. *New York, New Haven & Hartford Railroad*, 199 Mass. 418.  *Hester* v. *Brockton*, 251 Mass. 41.  *Old Colony Railroad* v. *Assessors of Quincy*, 305 Mass. 509.  It would be an unusual interpretation of the bills of lading to hold that the cause of action was not complete until notice of disallowance of the claims was given to the claimants, for, if that were so, a carrier could bar relief simply by failing to pass upon the claims.  *Black* v. *Bachelder*, 120 Mass. 171.  *Page* v. *Cook*, 164 Mass. 116.  *Whitten* v. *New England Live Stock Ins. Co.* 165 Mass. 343.  *McCrillis* v. *L. Q. White Shoe Co.* 264 Mass. 32.  The plaintiffs' cause of action for breach of contract had accrued against the railroad prior to the appointment of the trustees.  The plaintiffs do not come within § 66 of the Judicial Code, U. S. C. (1934 ed.) Title 28, § 125, authorizing the bringing of actions against the trustees without leave of the court that appointed them, because that section is applicable only where the cause of action arises out of some "act or transaction of

. . . [the trustees] in carrying on the business connected with such property." *Oklahoma* v. *Texas*, 265 U. S. 490. *Ex parte Baldwin*, 291 U. S. 610.

The damage to the plaintiffs' goods could have been found to have arisen out of the operation of its trains by the railroad, *Erie Railroad* v. *William J. Pfeil, Inc.* 256 App. Div. (N. Y.) 465; *Liquid Carbonic Corp.* v. *Erie Railroad*, 171 Misc. (N. Y.) 969; *In re Chicago & Eastern Illinois Railway*, 121 Fed. (2d) 785; and an action could have been commenced against the railroad, even after the petition for reorganization had been filed and approved by the Federal court, and without leave from that court, by virtue of § 77 (j) of the bankruptcy act, U. S. C. (1934 ed.) Sup. IV, Title 11, § 205 (j). *Central Trust Co.* v. *Chicago Auditorium Association*, 240 U. S. 581. *Boston & Maine Railroad* v. *Sullivan*, 275 Fed. 890. *Chicago Title & Trust Co.* v. *Fox Theatres Corp.* 69 Fed. (2d) 60. *Ohio & Mississippi Railway* v. *Russell*, 115 Ill. 52. *McKnight* v. *Brozich*, 164 Minn. 90. But the railroad is not a party to the present action at law, and we do not think the plaintiffs in bringing the action against the trustees alone came within this subsection (j).

The general rule prevailing alike in this Commonwealth and in the Federal courts is that one bringing an action against a receiver must first obtain from the court that appointed the receiver permission to sue him. *Hills* v. *Parker*, 111 Mass. 508. *French* v. *Kemp*, 253 Mass. 75. *Wood* v. *Comins*, 303 Mass. 367. *Thompson* v. *Scott*, 4 Dillon, 508. *Davis* v. *Gray*, 16 Wall. 203. *Barton* v. *Barbour*, 104 U. S. 126. The failure to obtain leave has been held in the Federal courts to be jurisdictional and this led to enactment of what is now § 66 of the Judicial Code, U. S. C. (1940 ed.) Title 28, § 125. It continues in those courts to be deemed a matter of jurisdiction. *Porter* v. *Sabin*, 149 U. S. 473. *Merryweather* v. *United States*, 12 Fed. (2d) 407. *Vass* v. *Conron Bros. Co.* 59 Fed. (2d) 969. The rule, however, in this Commonwealth is that the failure to obtain permission to bring an action to establish a debt or a liability that does not interfere with the prop-

erty in the possession of the receiver or its operation or management by him is deemed an irregularity that may be waived by the receiver. *American Steel & Wire Co.* v. *Bearse*, 194 Mass. 596. This is in accordance with the weight of authority. [1]

Upon the approval by the District Court of the petition as properly filed, that court acquired exclusive jurisdiction of the debtor and its property and possessed all the powers that a Federal court would have in equity receivership proceedings, § 77 of the bankruptcy act as amended, see U. S. C. (1934 ed.) Sup. IV, Title 11, § 205 (a). The jurisdiction of the court and the rights and liabilities of creditors are the same as if a voluntary petition had been filed by the debtor and a decree of adjudication had been entered thereon on the day that the petition for reorganization was filed, § 205 (b). The District Court was authorized by § 205 (c) (7) to fix the time within which claims against the debtor might be filed or evidenced and to determine the manner in which such claims might be filed or evidenced and allowed, and by § 205 (j) to enjoin or stay the commencement or continuation of suits against the debtor until after final decree except claims for damages caused by the operation of trains, buses or other means of transportation, which might be prosecuted to judgment in any courts of competent jurisdiction. Upon the approval of the petition, the District Court issued an order enjoining the maintenance or commencement of suits against the debtor except suits for damages of the character just mentioned. By an order dated January 4, 1936, the District Court fixed May 1, 1936, as the time for filing claims by creditors whose claims accrued prior to October 23, 1935. There is nothing in the record indicating that the plaintiffs filed any claim with the District Court.

---

[1] *Walker* v. *Taylor*, 185 Ark. 980. *Shedd* v. *Seefeld*, 230 Ill. 118. *Elkhart Car Works Co.* v. *Ellis*, 113 Ind. 215. *Manker* v. *Phoenix Loan Association*, 124 Iowa, 341. *Leuthold* v. *Young*, 32 Minn. 122. *Reed* v. *St. Louis & San Francisco Railroad*, 277 Mo. 79. *Flentham* v. *Steward*, 45 Neb. 640. *Wilson* v. *Rankin*, 129 N. C. 447. *Larson* v. *Baird*, 60 N. D. 775. *Hirshfeld* v. *Kalischer*, 81 Hun, 606. *Willis* v. *Aetna Life Ins. Co.* 185 Okla. 647. *Burke* v. *Ellis*, 105 Tenn. 702. *Goodale Phonograph Co.* v. *Valentine*, 69 Wash. 263. *Kinney* v. *Crocker*, 18 Wis. 74. Alderson, Receivers, § 525. Clark, Receivers (2d ed.) § 549. High, Receivers (4th ed.) § 254 (a).

Doubtless, the court in which the reorganization proceedings were pending had acquired exclusive jurisdiction over the debtor and its property and could prevent interference with the court's possession of the property by enjoining competing or conflicting proceedings in other courts. *United States Fidelity & Guaranty Co.* v. *Bray,* 225 U. S. 205. *Isaacs* v. *Hobbs Tie & Timber Co.* 282 U. S. 734. *Gross* v. *Irving Trust Co.* 289 U. S. 342. *Taylor* v. *Sternberg,* 293 U. S. 470. *Kalb* v. *Feuerstein,* 308 U. S. 433. *Thompson* v. *Magnolia Petroleum Co.* 309 U. S. 478. The preservation of the property of the debtor is only a part of the duties of the reorganization court, because the fundamental principle of reorganization proceedings based on § 205 "are bottomed upon the theory of debtor rehabilitation by adjustment of creditors' claims." *Ecker* v. *Western Pacific Railroad,* 318 U. S. 448, 469. *Adair* v. *Bank of America National Trust & Savings Association,* 303 U. S. 350, 354. *Connecticut Railway & Lighting Co.* v. *Palmer,* 305 U. S. 493, 501. It is the exclusive function of the reorganization court to determine the validity and value of the claims and to decide the extent to which creditors are entitled to participate in the reorganization plan. *Pepper* v. *Litton,* 308 U. S. 295. *Brown* v. *Gerdes,* 321 U. S. 178. *In re Service Appliance Co. Inc.* 39 Fed. (2d) 632. *In re Paramount Publix Corp.* 85 Fed. (2d) 42. *Hyatt* v. *Wallace,* 97 Fed. (2d) 320. *In re Potts,* 142 Fed. (2d) 883. The claim of the plaintiffs was unliquidated, and if a claim had been filed in the reorganization proceedings the District Court could liquidate the claim or it could in its discretion direct that the claim be liquidated in a State court. § 205 (c) (7). *Ex parte Baldwin,* 291 U. S. 610. *Foust* v. *Munson Steamship Lines,* 299 U. S. 77. *In re American & British Manuf. Corp.* 300 Fed. 839. *In re Adolph Gobel, Inc.* 89 Fed. (2d) 171. *Gross* v. *Bush Terminal Co.* 105 Fed. (2d) 930. It has been held that, in the absence of leave from the bankruptcy court, a creditor cannot maintain an action at law against the trustees to establish a debt against the bankrupt. *Norin* v. *Scheldt Manuf. Co.* 297 Ill. 521. *Carney* v. *Averill,* 110 Maine, 172.

*Svenska Taendsticks Fabrik Aktiebolaget* v. *Bankers Trust Co.* 268 N. Y. 73. *Potts* v. *Mathieson Alkali Works,* 165 Va. 196. *DeMuth* v. *Faw,* 103 Wash. 279. But, we assume that the plaintiffs seek in the instant action merely to ascertain and fix the amount of their claim by prosecuting the case to a judgment and to present the judgment to the reorganization court for such action thereon as that court may deem appropriate. That court may or may not allow the claim or it may allow the claim for such amount as it may determine. See *Pepper* v. *Litton,* 308 U. S. 295; *Brown* v. *Gerdes,* 321 U. S. 178; *In re Paramount Publix Corp.* 85 Fed. (2d) 42; *Hyatt* v. *Wallace,* 97 Fed. (2d) 320; *Attorney General* v. *American Legion of Honor,* 196 Mass. 151, 163; *Hackett* v. *American Legion of Honor,* 206 Mass. 139, 142. The Superior Court was authorized by statute to hear and decide actions brought by shippers to recover damages against carriers for injury to goods sustained while in transit, and it acquired jurisdiction over the trustees who voluntarily appeared. It would seem that the Superior Court had therefore secured jurisdiction over the subject matter and the parties and could proceed to judgment. The reason that the judgment is not binding on the reorganization court is that this latter court has exclusive jurisdiction over the allowance and disallowance of claims. *Pepper* v. *Litton,* 308 U. S. 295, 304. *Kalb* v. *Feuerstein,* 308 U. S. 433, 439. Proceedings in a State court by a creditor of a debtor against the trustees in their representative capacity, who voluntarily appear and defend, where the proceedings result in the rendition of a judgment, the allowance or rejection of which as a claim rests with the reorganization court which appointed the trustees, would not seem to interfere with the administration by that court of the estate of the debtor. The plaintiffs do not seek to establish any right or interest in any property of the debtor. *Porter* v. *Kingman,* 126 Mass. 141. The fact that the reorganization court could in its discretion, § 205 (j), enjoin the commencement or prosecution of an action in the State court does not imply, that the exclusive jurisdiction given to the Federal court over

the debtor and its property was intended to imply a denial of jurisdiction in the State courts in proceedings that do not constitute an interference with the administration by the Federal court of the estate of the debtor. *Rice* v. *Kelly,* 226 Ky. 347. *Lorber* v. *Bankers Trust Co.* 284 Mich. 614. It was assumed in *American Steel & Wire Co.* v. *Bearse,* 194 Mass. 596, 600, that the court that appointed the defendant receivers had the right to determine for itself the validity and extent of claims; yet it was held that even if leave to sue had not been obtained by the plaintiff, the receivers having voluntarily appeared, the Superior Court had jurisdiction to decide the case. It does not appear that any injunction was granted restraining the plaintiffs from maintaining the present action, and it may be that the Federal court might have been content to have the claim liquidated in the State court. *Ex parte Baldwin,* 291 U. S. 610. It has been recently held that a State court has jurisdiction to enter a declaratory judgment in favor of railroad employees in an action brought against the trustee appointed in reorganization proceedings where the employees had not obtained leave to sue the trustee. *Gutensohn* v. *Kansas City Southern Railway,* 140 Fed. (2d) 950. See *Foust* v. *Munson Steamship Lines,* 299 U. S. 77; *Thompson* v. *Magnolia Petroleum Co.* 309 U. S. 478; *Thompson* v. *Glover,* 94 Fed. (2d) 544.

Exceptions were taken by the defendants to the denial of certain requests for rulings. There was no error for reasons already stated in the denial of the first request that the action could not be maintained in the absence of leave to sue, or in the refusal to grant the second request that the plaintiffs could not recover on account of the provisions of § 77 of the bankruptcy law and the orders of the reorganization court. The denial of the remaining requests, which raised the question that the action was not begun seasonably and attacked the amendment changing the description of the plaintiffs, needs no further discussion. After the judge had made a general finding for the plaintiffs, the defendants filed an exception to this finding, and also excepted to the ruling implied in that finding that the defend-

ants may be sued for a cause of action that accrued prior to the filing of the petition for reorganization. The question whether the evidence warrants the general finding made by the court on oral testimony cannot be raised in an action at law by an exception to such a finding. *Sreda* v. *Kessel,* 310 Mass. 588, 589. *Matter of Loeb,* 315 Mass. 191, 194. As to the last exception, the defendants could have raised the point by a request directed to that end. None of the requests for rulings, fairly construed, specifically directed the judge's attention to the point. *Whitford* v. *Southbridge,* 119 Mass. 564, 573. *Robbins* v. *Stoughton Mills,* 183 Mass. 86, 88. *Wellington Piano Case Co.* v. *Garfield & Proctor Coal Co.* 236 Mass. 544, 548. *Stevens* v. *William S. Howe Co.* 275 Mass. 398, 401. *Rezendes* v. *Prudential Ins. Co.* 285 Mass. 505, 515. *Rothwell* v. *First National Bank,* 286 Mass. 417. *Holt* v. *Mann,* 294 Mass. 21, 26. *Alfred J. Silberstein Inc.* v. *Nash,* 298 Mass. 170, 174. *Perry* v. *Manufacturers National Bank,* 315 Mass. 653, 660. Whatever merit there might have been in the point if it had been properly raised at the trial — see the cases cited in the footnote [1] — it is the general rule that a defence which was available but which was not asserted in any appropriate manner at the trial cannot as matter of right be set up after the conclusion of the trial, and this is true even if such a defence, if seasonably asserted, would have been decisive. *Herschman* v. *Justices of the Municipal Court of the City of Boston,* 220 Mass. 137. *Lonergan* v. *American Railway Express Co.* 250 Mass. 30. *Castaline* v. *Swardlick,* 264 Mass. 481. *Hirrel* v. *Lacey,* 274 Mass. 431. *McLearn* v. *Hill,* 276 Mass. 519. *Lynn Sand & Stone Co.* v. *Tardiff,* 296 Mass. 470.

*Exceptions overruled.*

---

[1] *Oklahoma* v. *Texas,* 265 U. S. 490. *Ex parte Baldwin,* 291 U. S. 610. *Central Trust Co.* v. *East Tennessee, Virginia & Georgia Railway,* 59 Fed. 523. *Northern Pacific Railroad* v. *Heflin,* 83 Fed. 93. *Boston & Maine Railroad* v. *Sullivan,* 275 Fed. 890. *McDermott* v. *Crook,* 20 App. D. C. 465. *Pepper* v. *Beville,* 100 Fla. 97. *Godchaux* v. *Texas & Pacific Railway,* 151 La. 955. *Fountain* v. *Stickney,* 145 Iowa, 167. *Standard Oil Co.* v. *Sugar Products Co.* 160 La. 763. *Brunk* v. *Hamilton-Brown Shoe Co.* 334 Mo. 517. *Decker* v. *Gardner,* 124 N. Y. 334. *Sellers* v. *Carolina Railroad,* 205 N. C. 149. *Flynn* v. *Furth,* 25 Wash. 105.